## David Nichols, Appellant, v. A. Guibor, Appellee.

### APPEAL FROM BUREAU.

An agent is, on general principles, a competent witness for all purposes.
The purchaser of an article, not warranted as to quality, must take the hazard of his bargain.   If he was not to keep the article purchased, unless it pleased him, he should return it, if it displeased him, at the earliest practicable moment.

THIS was an action brought against the defendant by the plaintiff, before a justice of the peace, to recover pay for a plow, which plaintiff alleges he sold to defendant.   Judgment for plaintiff below.   Case appealed to Bureau Circuit Court at April term, 1857.   Judgment in that court for plaintiff.   The defendant shows the following points in which the court erred:

In permitting Linton, who was the agent of plaintiff, to testify in chief, by his signing his release, as set forth in bill, which only releases Guibor from recovering damages from Linton, but did not release Linton from the damages which Guibor could recover for his negligence in permitting this plow to become worthless while in his hands as agent.

In refusing to grant a new trial on motion of defendant.

The cause was tried before BALLOU, Judge, and a jury, at April term, 1857, of the Bureau Circuit Court.

JOHN M. GRIMES, for Plaintiff in Error.

GLOVER & COOK, for Defendant in Error.

BREESE, J.   All the points raised in this cause must be decided against the appellant.

The agent, Linton, was a competent witness on general principles for all purposes.   His interest in this particular case, if he had any, was released on trial, and all objection removed.

To make the party liable under this proof, the seller was under no necessity of demanding a return of the article.   It was the business of the purchaser to return it so soon as he discovered it did not suit his purposes.   There was no warranty of quality, and, therefore, it was not competent for the purchaser to prove the article was worthless ; " his eyes were his chap ;" he was his own judge of the article, without any warranty, express or implied.   The express agreement to return it if it did not suit, excludes any implied warranty.

The case does not show the property was damaged while in the possession of the agent, Linton, so as to make him responsi-

ble in an action. No release, therefore, was necessary on this account; but the case did not depend on Linton's testimony. William Phillips testifies that Nichols told him he was not obliged to keep the plow, if he did not like it, but was to return the plow if it did not suit him.

He should have returned it at the earliest practicable moment. Not having done so, he is justly chargeable with the price.

*Judgment affirmed.*