Thomas J. Buntain, Plaintiff in Error, *v.* Rufus Dutton, Defendant in Error.

ERROR TO EDGAR.

Where a party had purchased a reaper, which had been in his use, for a less price than the value of a new machine, and gave his note for the purchase money, he cannot defeat the payment of the note on the ground that a subsequent promise was made by an agent of the vendor, to do some repairs to the machine.

THIS was an action of assumpsit on a promissory note, brought by Dutton against Buntain. The declaration contains a special count upon the note and the usual common counts. The defendant pleaded the general issue, with notice that he would give in evidence that the note sued upon was given for a reaper and mower, which was the sole consideration for which it was executed; that the plaintiff, by his agent, warranted and agreed that the machine should do good work, and that it proved to be wholly worthless and would not work as warranted, and that, therefore, the consideration had wholly failed. There was also further notice, setting up partial failure of consideration by reason of the machine failing to do such work as the plaintiff, by his agent, warranted it to do. Upon the trial of the case, HARLAN, Judge, presiding, the plaintiff offered in evidence the note sued upon, which was for the sum of one hundred and sixty-five dollars, dated June 27th, 1856, and due eight months after date, and then closed his evidence.

The defendant then introduced as a witness, *Fergus M. Blair*, who testified that the note offered in evidence by the plaintiff was made by the defendant in consideration of a reaping and mowing machine, which witness, as agent for plaintiff, sold to defendant; he also proved that J. S. Davis, of Terre Haute, was also agent of plaintiff at that time, and has been for several years past; he also proved that at the time defendant purchased the machine he sold it to him as the agent of plaintiff; that afterwards the business was placed in the hands of Davis, who was also plaintiff's agent. The machine was the same referred to by Newell; witness sold it to defendant at the price named in the note; defendant had the machine in his possession at the time and for near a year previous; witness did not warrant it, and sold it for less to defendant on account of its being a little out of order, and having been used; the regular price was $200, on credit, or $180, cash down; took less, because he refused to warrant it.

The court rendered a judgment for the plaintiff for the amount of the note and interest, to which defendant excepts, and assigns for error that the judgment of the court is contrary to the law and evidence of the case.

A. GREEN, for Plaintiff in Error.

READ & BLACKBURN, for Defendant in Error.

BREESE, J. The idea seems to be entertained by the appellant's counsel, that the promise on the part of Davis, the agent of the plaintiff, Dutton, to adjust fast gearing to the reaping

machine, was a new and independent contract, superseding the original contract, and that as he did not so adjust it, he has no right to recover on the note. It should be borne in mind that this promise of the agent was wholly gratuitous, without any consideration whatever, and in no sense binding—it was, *nudum pactum.* It is proved conclusively by the testimony of Fergus M. Blair, who was introduced by the defendant, the appellant, that at the time he purchased the machine, he himself, as the agent of the plaintiff, sold it to him, and that the defendant had it in his possession nearly a year before he bought it—that he did not warrant it, and sold it for less than the price on account of its being out of order and having been used—the regular price was $200 on time, or $180 cash, and witness agreed to take $165 at eight months for it—and that in consideration of the credit and the reduced price, he would not warrant it, and the defendant expressly agreed to take it at his own risk.

The voluntary promise of the plaintiff to fix the machine, which he was under no obligations whatever to make, cannot be tortured into a new contract of such efficacy as to prevent a recovery upon the note. That contract is in full force, and the defendant all the time owed the debt, and was bound to pay it.

The judgment is affirmed.

*Judgment affirmed.*