# D. M. Osborn & Co.
## *v.*
## Micajah Stanley.

1. Contracts — failure of consideration — *a purchaser must return property within a reasonable time.* Where a party sells a reaping and mowing machine with the understanding that if it should prove not to be a good machine he will take it back or make it all right, he is under no obligation to receive back the machine, or to make it all right, unless called upon so to do within a reasonable time after the sale.

Writ of Error to the Circuit Court of Iroquois county; the Hon. Charles R. Starr, Judge, presiding.

This was a suit originally commenced before a justice of the peace in Iroquois county, by D. M. Osborn & Co., against Micajah Stanley, upon the following promissory note:

" $67.00.                    Middleport, *Aug. 1st*, 1861.

" On the first day of January, eighteen hundred and sixty-two, for value recd., I, the subscriber, of Middleport, county

of Iroquois, State of Illinois, promise to pay D. M. Osborn & Co., sixty-seven dollars, with int. at 10 per ct. per annum.

"M. STANLEY."

A judgment was rendered against the defendant, from which he appealed to the Circuit Court, where the cause came on for trial, the defendant alleging as a defense a failure of consideration. It appears from the evidence that the note sued upon, with one or two other notes, was given for the purchase price of a patent reaper and mower, which Stanley had purchased from an agent of the plaintiffs, about the first of July, 1860, for the sum of $135. Upon the sale the agent from whom the purchase was made represented that the machine was a good one; and it was agreed that the defendant was to take it and try it, and if it operated satisfactorily he was to keep it; if not, he was to return it, or the agent would make it all right. The defendant took the reaper, used it without complaint that season, and on the first of August, 1861, gave his notes, without objection, for the price. The reaper was used during the season of 1861, no offer being made to return it, and no complaint in regard to it. All the notes but the one now in suit were paid without objection; and on the 11th of March, 1863, this suit was brought.

The defendant also introduced testimony going to show that the machine did not do good work, and was not a good machine, during either the first or second season after it was purchased.

Upon this state of case the plaintiff asked the court to give the following instructions:

1. "That mere statements as to the general character of the machines do not constitute a warranty, unless the other facts of the case show that the plaintiff so intended to bind himself;" which the court refused to give, and the plaintiff then and there excepted.

2. "The purchaser of an article, not warranted as to quality, must take the hazard of his bargain. If he was not to keep the article purchased unless it pleased him, he should return it if it displeased him, at the earliest practicable moment, and if

he does not do so, it is not competent for him to prove the article to be worthless." To which the court of its own motion added, "If he chooses, however, to keep it, he will be compelled to pay what it is actually worth, but no more."

'To which modification of said instruction the plaintiff then and there excepted.

The court then instructed the jury on the part of the defendant:

"That it does not require any particular words to constitute a warranty of personal property in law — therefore if the jury believe from the evidence that the agent of said plaintiffs told said defendant that said machine should be a good machine, or that he would take it back or make it all right, then, in order for the said plaintiffs to recover in this action, they must prove that they have complied with their agreement."

To the giving of which instruction the plaintiffs then and there excepted.

The jury returned a verdict for the defendant. A motion for a new trial was refused, and a judgment was entered against the plaintiffs for costs. Thereupon, they sued out this writ of error. The question presented is, whether the defendant was not bound to return the machine, or offer to return it, in the event it was not satisfactory, within a reasonable time.

Messrs. Wood & Long, for the plaintiffs in error.

Messrs. Roff & Doyle and James Fletcher, for the defendant in error.

Mr. Justice Beckwith delivered the opinion of the Court:

This is a suit upon a promissory note; the defense a failure of consideration. On the trial in the court below it appeared that on or about the 1st of July, 1860, the defendant in error purchased of the agent of the plaintiffs in error a patent reaper and mower for the sum of $135. On the sale, the agent of the plaintiffs in error represented that the machine was a good one; and it was agreed, that the defendant in error was to

take the same and try it, and if it operated satisfactorily he was to keep it; if it did not, he was to return it, or the agent of the plaintiffs in error would make it right.

The defendant in error took the reaper, used it without complaint that season, and on the 1st of August, 1861, gave his notes, without objection, for the price. The reaper was used during the season of 1861; no offer being made to return it, and no complaint in regard to it. All the notes but the one now in suit were paid without objection. Under these circumstances, the second instruction asked by the plaintiff, that "if the purchaser was not to keep the article purchased, unless it pleased him, he should have returned it, if it displeased him, at the earliest practicable moment; and if he did not do so, it is not competent for him to prove the article to have been worthless," should have been given as requested, and the modification added by the court, that "if he chooses, however, to keep it, he will be compelled to pay what it is actually worth but no more," was clearly erroneous. The plaintiffs in error were under no obligation to receive back the machine, or to make it all right, unless called upon so to do within a reasonable time after the sale. *Nichols* v. *Guibor*, 20 Ill. 285; 1 Pars. on Cont. 475; *Buntain* v. *Dutton*, 21 Ill. 190.

In this respect so much of the instruction given for the defendant in error as directs the jury, "if the agent of the plaintiffs told the defendant that the machine should be a good one, or he would take it back, or make it all right, then, in order for the plaintiffs to recover, they must prove that they have complied with their agreement," was erroneous, and likely to mislead.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*