SAMUEL K. CASEY *et al.*

*v.*

BENJAMIN F. CARVER *et al.*

42   225
25a  271
25a  272
42   225
46a  516
42   225
73a  217

1. PARTNERSHIP — *application of partnership funds to the payment of a partner's individual debts.* One of several partners has no power to allow an individual indebtedness of his own as a credit on indebtedness of his creditor to the firm, without the assent of the other partners; and, if he does so, they will not be bound thereby unless they subsequently ratify the credit.

2. SAME — *how the assent of the other partners may be shown — and what will amount to a ratification.* Such assent of the other partners may be proved by positive or circumstantial evidence; but their assent or ratification cannot be inferred simply from the fact that the partner owing the money agreed to allow the credit. Should it appear that the other partners knew of such a settlement, or knew or had reason to suppose the creditor relied upon it, they would not be permitted to repudiate it, unless they had given notice, at the earliest practicable period after it had come to their knowledge, that they would not sanction the arrangement.

3. INTEREST — *when recoverable.* In an action by a bank to recover the balance of an account for money paid out upon the checks of the defendant, where an account thereof was rendered with the balance struck, such presentation of the account amounts to a demand of payment, and, the account being for money alone, the plaintiff may recover interest, although there was no contract to pay interest, and no custom or usage of the parties requiring it.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

15 — 42D ILL.

226 CASEY *et al.* *v.* CARVER *et al.* [April T.,

Statement of the case.    Brief for the Appellants.

This was an action of assumpsit brought in the court below by B. F. Carver & Co. against Sanger & Casey.

A trial resulted in a finding and judgment in favor of the plaintiffs for $1,639.55. The cause is brought to this court by the defendants, by appeal.

The facts of the case, so far as they affect the questions presented, are set forth in the opinion of the court.

The action was to recover the balance of a bank account alleged to be owing by the defendants to the plaintiffs, which the defendants claim has been settled by an allowance to them of certain credits, on a settlement with one of the plaintiffs, but the fact is found, that those credits consisted of items of indebtedness due from the partner with whom the settlement was made, in his individual capacity to the defendants, which were allowed without the knowledge or consent of the other partners composing the firm of the plaintiffs, and this fact is relied upon by the plaintiffs as a sufficient answer to the defense thus interposed.

Messrs. SCAMMON, MCCAGG & FULLER, for the appellants.

The question of law, arising upon the testimony in this case, is, whether, if any payment was made by the defendants below to the member of the plaintiffs' firm with whom the settlement was made, of their indebtedness to his firm, in fraud of his copartners' rights, they can at law, when he is necessarily joined with them as a co-plaintiff, rescind his acts and recover of the defendants the debt which they once paid to one of the plaintiffs on the record.

We insist, that, at law, the partners cannot repudiate the act of a copartner in paying his private debts with the credits or property of the firm. *Homer et al.* v. *Wood et al.*, 11 Cush. 62; *Jones et al.* v. *Yates et al.*, 17 Eng. Com. Law, 436; *Wallace et al.* v. *Kelsall*, 7 Mees. & Wels. 263; *Greeley et al.* v. *Wyette et al.*, 10 N. H. 15; *Richmond* v. *Heapy*, 1 Starkie N. P. 22; *Gordon et al.* v. *Ellis et al.*, 7 Man. and Grang. 607; *Jacaud et al.* v. *French et al.*, 12 East, 317; Collyer on Part. § 643 and notes; Story on Part. § 238 and notes.

But, even though the partner did apply partnership funds to the discharge of his individual indebtedness, yet, as there was nothing in the transaction to put the defendants upon inquiry, they ought not to suffer from his fraud toward his partners, and they should look to him for redress, and not to the defendants. The uniform current of authority is to the effect, that, where there is no fraud on the part of the individual creditors, the assent of the partners will be inferred from circumstances, and that it is not necessary to prove their express assent to the act of their partner. *Gansevoort* v. *Williams et al.,* 14 Ill. 134 ; *Ridley et al.* v. *Taylor,* 13 East, 175 ; *Cobin et al.* v. *McChesney,* 26 Ill. 231; *Blinn et al.* v. *Evans,* 24 id. 317 ; *Reynolds* v. *Kenyon,* 43 Barb. 585.

Messrs. HOYNE & HORTON, for the appellees.

The act of a partner, in applying the partnership funds to the payment of his individual indebtedness, may be repudiated by the other partners in a suit at law, in which all the partners must join. *Everingham* v. *Ensworth,* 7 Wend. 327 ; *Crane* v. *Caldwell,* 5 Cow. 493 ; *Breverel* v. *Springfield,* 15 Ala. 273 ; *Warder* v. *Newdegate,* 11 B. Mon. 174.

Upon the general question, that one partner of a firm cannot appropriate the partnership funds, property, securities or credits, to the payment of his private debt, the following cases are in point : *Minor* v. *McGraw,* 11 Sme. & Mar. 322 ; *Purdy* v. *Powers,* 6 Barr. 492 ; *Rogers* v. *Batchelor,* 12 Peters, 221 ; *Leonard* v. *Winslow,* 2 Grant's Cases, 139 ; id. 297 ; *Venable* v. *Leach,* 2 Head (Tenn.) 32 ; *Herm* v. *McCaughan,* 32 Miss. 17 ; *Selden* v. *Bank of Commerce,* 3 Minn. 166.

The doctrine laid down in the case of *Brewster* v. *Mott,* 4 Scam. 378, is decisive of this case.

In the case of *Leverson* v. *Lane,* 106 Eng. Com. Law, 278, decided in 1862, it is held : " One who takes from a member of a trading firm in satisfaction of his separate debt a negotiable security in the name of the partnership, is bound to show that it was accepted or indorsed with the concurrence of the other partners."

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by Benjamin F. Carver, Codington Billings and Courtland G. Babcock, for the use of Billings, in the Circuit Court of Cook county, against Samuel K. Casey and Lorenzo P. Sanger. The declaration contained the usual common counts. It appears, that the action was brought to recover a balance claimed to be due on a banker's account from appellants to appellees. It was claimed by the defense, on the trial below, that they had fully settled and paid the account,— that the settlement had been made by Carver, one of the partners; and the evidence seems to sustain the assertion. But, on the other hand, it is claimed that Carver allowed appellants credit for sums of money which he individually owed them, and that the credits were not allowed by the other partners, and that they never ratified or assented to the settlement,— that the items of Carver's individual indebtedness composed a large portion of the credits thus allowed them.

It appears from the evidence, after a careful examination, that Carver and appellants' book-keeper examined the accounts, and the former agreed to allow appellants certain credits, which they claimed against the firm of appellees; but the credits were never given. In this respect this case differs from the *Marine Company of Chicago* v. *Carver*, tried at the present term, (*ante*, 12), as in that case the credits were entered, and the presumption raised that the other partners had ratified their entry. And there is no evidence that the other partners were aware that appellants even claimed such credits, and, not having been entered upon the books of appellees' firm, they were not chargeable with notice, and no ratification can be inferred, if they were for Carver's individual indebtedness.

We think the evidence warrants the conclusion that the demand claimed by appellants was not against appellees but against Carver. If such was the fact, Carver had no power to allow it as a credit on indebtedness due to his firm without the assent of his partners, and if he did do so they would not be

bound, unless they subsequently ratified the credit. Such assent might be proved by positive or circumstantial evidence. But such assent or ratification could not be inferred, simply from the fact that Carver agreed to allow the amount. Had it appeared that his partners knew of the settlement, or knew or had reason to suppose that appellants were relying upon the settlement, they could not be heard to repudiate the settlement unless they had given notice, that they did not sanction the settlement, at the earliest practicable period, after they learned the facts. To permit them, after acquiescing in the settlement for any great length of time after having notice, to repudiate it, would be a fraud on the creditor of the individual partner.

The whole of appellees' account, except two or three items, was proved by checks drawn on them by appellants, and there seems to be no question that they received the money. And as to these items, they were embraced in the account rendered to appellants, and while objecting to other items, no exceptions were taken to these. And they seem to have been allowed in the settlement with Carver. From this evidence, the court was warranted in allowing them in the judgment which was rendered.

We also think the evidence shows that the credits claimed by appellants, and in dispute, was the individual indebtedness of Carver. Appellant's clerk says he kept Carver's account, in the account of appellees with appellants, and that Carver telegraphed, asking why appellants did not draw on him and not on his firm. And, we think, that it is manifest that he owed and is still owing appellants, and that it was this indebtedness that was to have been credited on appellants' account when the settlement was made. At any rate, the evidence does not seem to require that the finding should be disturbed.

It is urged, that the court erred in allowing interest on the account. It is true, that no contract to pay interest was proved, or any custom or usage of the parties requiring it, but the account was presented with the balance struck, which amounted to a demand of payment. Still, if that were not so, it was for money lent. It is true, that it is in the shape of an account

but it was for money alone, and this entitled appellees to recover interest.

The judgment of the court below is affirmed.

*Judgment affirmed.*