## ALEXANDER S. MALTMAN

v.

## JAMES N. WILLIAMSON et al.

1. INTEREST—on sum due on cash sale. Where a sale is made of goods for cash, as, of a lot of apples at a given price per barrel, this not being an open running account, but a definite sum due at a specified time, interest is recoverable thereon in an action for the price.

2. BURDEN OF PROOF—to show warranty and breach. In a suit to recover the price agreed to be paid for goods sold and delivered, if the defendant relies upon a warranty and breach, the burden of proof is upon him to show the warranty and breach, and he must show the same by a preponderance of testimony to make the defense availing.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. HUNTER & PAGE, and Mr. W. W. PERKINS, for the appellant.

Messrs. GARDNER & SCHUYLER, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought in the circuit court of Cook county, by appellees against appellant, to recover for fifty barrels of apples. A trial of the cause on the 6th day of July, 1873, before a jury, resulted in a verdict in appellees' favor for $238. Appellant appeals, and asks a reversal of the judgment on the following grounds:

*First.* Because improper evidence was admitted.

*Second.* Improper instructions were given for appellees

*Third.* Court erred in overruling motion for a new trial.

The evidence admitted to which exception was taken, was that of plaintiff, who testified that the interest on the account from the time of the sale, at six per cent, would amount to $38. We see no objection to this evidence. The apples were

sold for cash, and the money was due on delivery; fifty barrels at $4 per barrel, and delivered on the 5th day of May, 1870. This was not an open or running account, but a certain and definite sum due at a specified time. On this, under the statute, interest was recoverable. *Bishop Hill Colony* v. *Edgerton et al.* 26 Ill. 55 ; *Casey* v. *Carver et al.* 42 Ill. 225.

The next error relied upon is the giving of 1st, 2d, 4th and 5th instructions for appellees. These instructions are as follows:

" 1. The court instructs the jury that if the defendant relies upon the breach of an agreement between the plaintiffs and defendant to pack and deliver the apples in question in such a condition that the same could be safely shipped to St. Louis, Missouri, then the burden of proving such agreement and breach of the same is upon the defendant, and he must establish the same by a preponderance of evidence, in order to entitle him to any benefit thereupon in this suit.

" 2. The court instructs the jury that if the defendant relies upon a warranty of the apples in question, and a breach of the same, as a defense in this suit. then the burden of proof is upon him to establish such warranty and breach, and the same must be so established by a preponderance of testimony, in order to entitle him to the benefit of the same.

" 4. If the jury believe from the evidence that the defendant purchased of the plaintiffs the apples in question at an agreed price, and that at the time of such purchase the defendant actually inspected the apples so purchased, then the defendant is liable to the plaintiffs for the full price so agreed upon, whatever may have been the actual condition of the apples at the time of the purchase.

" 5. If the jury believe from the evidence that the defendant purchased of the plaintiffs the apples in question at an agreed price, and that at the time of such purchase the defendant actually inspected a part of the apples so purchased, and might have inspected the remainder if he had wished to

do so, and that the bulk of the apples were of like quality with those which were actually inspected by the defendant, then the defendant is liable to the plaintiffs for the full price so agreed upon, whatever may have been the actual condition of the apples at the time of the purchase."

The only objection to the 1st and 2d instructions is, that they are not based on any evidence in the case. It is conceded by appellant that they contain correct propositions of law. The defendant testified that he told plaintiffs he wanted the apples to go three hundred miles. On cross-examination he says, "Mr. Williamson offered to put them in good shipping order; anything not fit to be shipped was to be thrown out." "My defense is, that I did not get such apples as I bought."

The apples were bought for the St. Louis market, and shipped to that place. The whole theory of the defense, as we understand it, was, appellant examined a part of the apples, and relied on the agreement of the appellees to pack and deliver them in good condition to ship 300 miles, and that appellees did not comply with their contract in this regard.

We think there is ample evidence in the record upon which to base these two instructions.

The objection made to the 4th and 5th instructions is, that in effect they exclude from the consideration of the jury the agreement of appellees to open the head of each barrel and remove all the bruised and rotten apples and replace them with sound ones. This objection would be well taken, were it not for the fact that in the instruction given on behalf of appellant, the jury are expressly told that if they find that agreement made, the plaintiffs can not recover unless they believe from the evidence plaintiffs complied with the agreement on their part. Taking all the instructions together we do not think the jury was misled by them, but the law of the case was fairly presented.

The next point relied upon is, the verdict is contrary to the weight of the evidence.

Where a case has been fairly submitted to a jury, and there is evidence in the record to sustain the verdict, it is not the practice of this court to reverse the judgment, unless the verdict is clearly against the weight of the evidence.

The record shows that on the 4th day of May, 1870, appellees sold appellant fifty barrels of apples at $4 per barrel. Some fifteen or twenty of the barrels were inspected by appellant. Appellees agreed to open the head of each barrel and remove such apples as were unsound, and replace them with sound ones. This, appellees testify, was done. On the 5th day of May, the apples were delivered. It is true, when the apples reached St. Louis they were not in a good condition, but whether this arose from the fault of appellees, or whether they failed to comply with their agreement, was fairly submitted to the jury, and they have found the issues in favor of the plaintiffs, and we are not prepared to say that the weight of the evidence is against the plaintiffs.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*