# William T. Ditch, Admr.

## *v.*

## Andrew Vollhardt.

1. LIMITATION—*new promise.* Where a debtor, within five years before suit brought, recognizes the debt as due, and expressly promises to pay a certain part of it by a day named, and thereby impliedly promises to pay the balance at some future time, this will be sufficient to prevent the bar of the Statute of Limitations.

2. RECEIPT—*may be explained or contradicted.* Parol or other extraneous evidence is admissible to explain, vary or even contradict a receipt for money, and it is not necessary to deny the execution of the receipt, under oath, before the party can so contradict it.

3. INTEREST—*on liquidated amount.* Where the sum due from one party to another is fixed, certain and agreed upon, interest at six per cent is recoverable thereon after it is due.

APPEAL from the Circuit Court of Monroe county; the Hon. Amos Watts, Judge, presiding.

Mr. J. Blackburn Jones, for the appellant.

Messrs. Winkelman, Slate & Riess, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

Appellee filed a claim in the county court of Monroe county, against the estate of Stephen W. Miles, deceased. A trial was had before a jury, resulting in a verdict for $1631.43, on which the court rendered a judgment that the amount be paid in due course of administration. From this judgment the administrator prosecuted an appeal to the circuit court, where,

on a trial, the jury found a verdict for $1646.83, upon which a judgment was rendered, and the administrator appeals to this court.

It is urged that the claim was barred by the Statute of Limitations. It appears, from the evidence, that the demand was for wheat delivered to deceased and his partner, Smith, in 1866, to be shipped by them to market; that they did so, and received the money therefor. Appellee, afterwards, gave to Miles & Smith a receipt for $1109.50 on account of money received on the sale of this wheat; but it appears that they paid no money at the time, but it was agreed that appellee should look to and Miles was to pay the money to him. This receipt was dated the 25th day of July, 1867.

Again, in August, 1871, the evidence shows that deceased admitted to appellee that he owed him about $1500 on one wheat crop, but that he could not fix the precise amount until they should have a settlement. This evidence fully warranted the jury in finding that this admission related to the crop of 1866; especially so when it appears that, in 1867, when deceased paid appellee $600, and he asked if it was on the crop of 1866, and he replied, no, it was on the crop of 1867; and when he made the admission of the sum he probably owed appellee, he also promised to pay him a part of it on the following Friday.

This evidence all tends strongly to show not only that deceased was owing appellee for that wheat, but that he recognized the debt and impliedly agreed to pay the money. There was an express promise to pay a part of it by a day named, and there was nothing said from which it could be inferred that he would not pay it, but all he said and did impliedly amounted to a promise to pay whatever remained unpaid at the time named, at some future time.

We regard this as amounting to not only an admission that sum was due, but to a promise to pay it, and entirely sufficient to prevent the bar of the statute. If he had not intended to pay the amount, he would not have promised to pay a part of it on the day named, and would have objected to the claim,

but, on the contrary, he voluntarily stated what he supposed was near the amount he owed appellee.

It is urged that the court erred in permitting appellee to prove that no money was paid to him when he gave the receipt to Miles & Smith, without denying the execution of the receipt, under oath. Appellee did not prove, nor did he offer to prove, that he did not execute the receipt, but simply that he did not receive the money, and that Miles was to pay it to him. He admitted its execution, but proved that it did not state the facts truly. This he had a right to do, as the rules of evidence allows the admission of extraneous testimony to explain, vary or even contradict a receipt. It is not governed by the rules applicable to other writings in this respect. This is the doctrine of this court, repeatedly announced in former opinions.

It is objected that the jury should have found for appellant, because several settlements were shown to have been made after the receipt was given. It does not appear, from either of them, that this item was embraced in the settlements. On the contrary, it appears that, in the settlement of January 18, 1867, this wheat transaction for the crop of 1866 is expressly excluded by the written statement then executed by the parties. This writing refers to the wheat crop of that date, and states it was excluded from the settlement, and virtually admits that it was due to appellee. Nor are we warranted, from any evidence in the record, in finding that this wheat was ever paid for by deceased.

It is next urged that it was error to allow interest on the $1109.50, as it was an open account. The amount was ascertained and liquidated, and, under the statute, it drew interest. It was unlike a running or unsettled account. The statute provides that the creditor shall be allowed six per cent on money found due, on the settlement of accounts, from the day of liquidating the same between the parties and ascertaining the balance. Here, the amount was fixed, certain and agreed upon between the parties, and the case falls clearly within the provisions of the statute. There was therefore no error in allowing six per cent interest.

Although the instructions may be liable to some slight criticism, still they could not, under the evidence, have misled the jury.

We are unable to perceive any error in the record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*