West Chicago Alcohol Works v. Sheer.

## West Chicago Alcohol Works
### v.
### Charles Sheer.

1. Conflicting evidence—Finding of jury.—Where the evidence is conflicting, the court will not interfere with the finding of the jury, unless the verdict is manifestly against the preponderance of the evidence.

2. Competency of evidence.—The competency of evidence admitted by consent cannot afterwards be called in question.

3. Interest.—Where premises are leased, the rent to be paid monthly, the amount thus stipulated to be paid becomes a liquidated account, by the terms of the agreement, and interest is properly allowable on the sums as they become due.

4. Computation of interest by witness.—It is not error to allow a witness to testify as to the amount of interest due by his own computation. Such evidence is admitted merely to aid the jury in the dispatch of business. They are not bound by the computation so made.

Error to the Circuit Court of Cook county. Opinion filed February 8, 1881.

This was an action of assumpsit, brought by the defendant in error against the plaintiff in error, an incorporated company, upon an alleged agreement of leasing, by the former to the latter, of the premises known as Nos. 10 and 11 West Randolph street, in the city of Chicago. It was claimed by the plaintiff below that he leased to the defendant corporation the premises in question from Oct. 7, 1876, to May 1, 1877. at a monthly rental of $208 for the months of October, November and December, and $275 per month thereafter, to May 1, 1877. The contract was verbal, but, as claimed by the plaintiff, was to have been reduced to writing, which, however, was never done.

The defendant denied the making of any contract whatever with the plaintiff, and claimed that the company took partial possession of the premises under an arrangement with one Hutchins, who had previously had some interest therein, and not under any contract or agreement with the plaintiff; and that upon learning two or three days after taking possession, that the plaintiff intended to charge the company, as tenant, for the rent, the company immediately vacated and abandoned the premises.

The case was tried by a jury, who rendered a verdict for the plaintiff for $1,997.18, which included about $300 of interest. The defendant's motion for a new trial was denied by the court, to which the defendant duly excepted, and the plaintiff had judgment for the amount found by the jury. The defendant brings the case to this court by writ of error, and assigns various errors.

Mr. S. K. Dow, for plaintiff in error ; that something more than mere delay in payment is necessary to bring the case within the statute allowing interest, cited Aldrich v. Dunham, 16 Ill. 403 ; Kennedy v. Gibbs, 15 Ill. 406 ; Sammis v. Clark, 13 Ill. 544 ; Hitt v. Allen, 13 Ill. 592 ; Clement v. McConnell, 14 Ill. 154 ; McCormick v. Elton, 16 Ill. 205.

Mr. Francis Lackner, and Mr. Sidney E. Eastman, for defendant in error ; that if the jury find there was a leasing, there being no dispute about the terms, they must find also the terms as testified to by plaintiff, cited Clark v. Dutton, 69 Ill. 521.

This was a liquidated debt, and plaintiff was entitled to interest: Ditch v. Vollhardt, 82 Ill. 134 ; Maltman v. Williamson, 69 Ill. 423.

Interest is recoverable on the ground of unreasonable delay ; Clark v. Osborn, 75 Ill. 615.

The corporation is bound by the admissions of its president : Charles R. R. R. Co. v. Blake, 12 Rich. 635 ; Lewanee Mining Co. v. McMahon, 1 Head. 582 ; Moore v. Conn. R. R. R. Co. 6 Gray 451 ; Lane v. Boston and Albany R. R. Co. 112 Mass. 455 ; Sussex Ins. Co. v. Woodruff, 26 N. J. 541 ; Maleck v.

Tower Grove R. R. Co. 57 Mo. 17 ; C. B. & Q. R. R. Co. v. Coleman, 18 Ill. 297 ; Thompson v. Mawhineney, 17 Ala. 362 ; McBride v. Thompson, 4 Ala. 40.

WILSON, J.  The main—indeed, the only controverted question of fact in the case—was as to whether or not the parties made the alleged agreement. The plaintiff below testified positively to the making of the lease and to its terms, while the president of the company was equally positive in his denial that any agreement whatever was made with the plaintiff. They were respectively corroborated, more or less, by other witnesses and by the facts and circumstances surrounding the case.  This conflict in the evidence necessarily involved the credibility of the witnesses, and it was thus a case coming peculiarly within the province of a jury to pass upon.  With the finding of the jury the court should not interfere, unless the verdict is manifestly against the preponderance of the evidence. We cannot say that it is so, and must therefore hold that the making of the lease as claimed by the plaintiff is to be considered as established.

As no complaint is made of the instructions given by the court to the jury, it remains to be considered first, whether the court erred in its rulings upon the admission of testimony; and secondly, whether the plaintiff was entitled to interest.

It is urged by the learned counsel for the plaintiff in error, that the court erred in admitting evidence of the declaration of the president of the company made subsequently to the time of the making of the lease; and we have been furnished with a printed brief on the part of the defendant in error in support of the competency of the testimony.  It seems to have escaped the notice of the counsel on both sides that the testimony complained of was admitted with the express consent of the attorney who tried the case for the defendant.  The bill of exceptions shows that while objection to the testimony when first offered was made, the objection was subsequently withdrawn, and full consent was given by the defendant's attorney to the admission of the testimony.  The competency of evidence admitted by consent cannot be afterwards called in question.

It is next urged by the plaintiff in error, that the court below erred in holding that interest was allowable on the claim of defendant in error. From plaintiff in error's view of the case, certainly interest should not be allowed, for its view excludes the allowance of the principal; but from defendant in error's view of the case, which we must assume to be the true one, we are of the opinion that it was competent to allow interest. There was no material disagreement as to the terms of the lease. The dispute was as to whether any lease was in fact made. In finding that the lease was made, the jury necessarily found that its terms were those testified to by the plaintiff. By the terms of the agreement as thus found, the defendant contracted to pay the plaintiff a fixed and stipulated sum for the rental of the premises from Oct. 7, 1876, to May 1, 1877. The amount thus stipulated became liquidated by the terms of the agreement itself. Nothing further was necessary to be done to make it a liquidated account, and, under our statute, interest is properly allowable where the account has been liquidated between the parties. The case is brought directly within Maltman v. Williamson, 69 Ill. 423, which was a suit brought to recover the agreed price of fifty barrels of apples sold to the defendant for cash on delivery. The court say: "This was not an open or running account, but a certain definite sum, due at a specified time. On this, under the statute, interest was allowable."

So, also, in Clark v. Dutton, 69 Ill. 521, where the defendant, being indebted to the plaintiff for certain articles of personal property and money, for which he agreed to give his promissory note, but refused to do so, the court held that it did not require the execution of the note to liquidate the claim; that a debt is liquidated when it is made certain by the agreement of the parties how much is due and when it is payable, and the plaintiff was allowed to recover interest. To the same effect is the case of Ditch, Adm'r, v. Vollhardt, 82 Ill. 134, in which it was held that where the sum due from one party to another is fixed, certain and agreed upon, interest is recoverable thereon after it is due. These cases are decisive of the present case in respect to the allowance of interest.

It is further objected, that the court erred in allowing a witness to make a computation and testify as to the amount of interest due. This objection is without any force. The evidence is admitted merely to aid the jury in making a more speedy computation, and thereby to facilitate the despatch of business. The jury are not bound by the computation thus made by the witness, as it seems they were not in the present instance, but are themselves to ultimately determine what is the true amount of the plaintiff's damages.

Perceiving no error in the record, the judgment of the court below must be affirmed.

Judgment affirmed.