THOMAS O. COOK ET AL.

V.

WILLIAM TAVENER.

*Sales—Harvester—Warranty—Purchase Price—Recovery of—Retention of Machine—Evidence—Instructions.*

1.   What a reasonable time was in which to test a given machine, is a question of fact to be decided by the jury in view of all the attending circumstances of a given case.

2.   Where a sale has become absolute by the retention of the property without giving notice of its defects, and the purchaser is precluded from avoiding payment, he may still show the warranty and breach in mitigation of damages, in a suit brought to recover the purchase price thereof.

3.   The burden of proof in such case rests upon the purchaser to show the breach and subsequent damage, by a preponderance of the evidence.

4.   In all sales upon trial, there must be a return or restoration, or offer to re-deliver the property in case the vendee elects not to retain it.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. GEORGE W. PATTON, for appellants.

Cook v. Tavener.

Messrs. McILDUFF & TORRENCE, for appellee.

CARTWRIGHT, J.  This was a suit by appellants against appellee for the purchase price of a "Wood" harvester.  The declaration was in the common counts, to which appellee pleaded the general issue and a special plea that appellants warranted the machine to do good work, and alleging a breach of the warranty and consequent damage.  There was a verdict and judgment for appellee.  The parties are in substantial accord as to the terms of the contract for the sale of the harvester.  About July 25, 1889, it was agreed between the parties that appellants should send the machine to appellee's farm the next morning and set it up ready for work; appellants guaranteed the machine to do good work, and if it did not do good work appellee was not required to keep it; but if it did good work then he was to give his note for $140, the price of the machine.  The machine was taken to the farm as agreed and was set up and operated, but appellee never gave the note, and when applied to, refused to do so.

Appellants contended on the trial that the machine fulfilled the conditions of the contract, and that in any event appellee had retained the machine for such length of time and under such circumstances that he would be held to have elected to keep it and pay the agreed price.  In support of their contention they introduced evidence that such trouble as was experienced with the machine was due to the use of improper binding twine of a rough kind which would catch and break in the binding machinery, and to mismanagement by appellee in cutting so low as to choke the machine in young clover growing in the grain.  There was testimony that these difficulties were rectified by appellants; that with proper twine and handling the machine did good work; that the last they knew of it while at work it was working well and satisfactorily to appellee, and that they had no notice to the contrary until the 21st of September following, when appellee was asked for his note.

Appellee contended that the machine did not do good work, and that he declined to keep it and offered to return it.  In

support of his contention he introduced evidence that at times while he was using the machine it choked and missed bundles, and that shortly afterward he notified appellants and declined to keep the machine, and they refused to receive it back.

It seems that appellee used the machine several days and finished his harvest with it; that the grain cut was oats that had fallen and was badly lodged, and that the machine was working well when appellants last had notice of the kind of work it was doing while it was in use.

The questions presented to the jury on the evidence were, first, did the machine fulfill the guaranty; second, did appellee retain the machine for a longer time than was reasonable for a trial without notice, so that the sale thereby became absolute.

There was no evidence from which the jury could assess any damage for a breach of warranty in case the sale had become absolute, and a determination of either of the forego-ing questions in favor of appellants would entitle them to recover.

The admitted contract was executory. The law allowed appellee a reasonable time for a test of the machine and the title to the machine would not vest in appellee until such rea-sonable time had elapsed. When a reasonable time under all the circumstances for making the test had elapsed, if the machine fulfilled the guaranty or if appellee retained it and made no election and gave no notice of intention not to keep it, the title would pass and the sale become absolute. What was a reasonable time was to be determined by the jury in the light of all the attending circumstances. Doane v. Dunham, 65 Ill. 512, and 79 Ill. 131; Prairie Farmer Co. v. Taylor, 69 Ill. 440; Underwood v. Wolf, 131 Ill. 425; Osborn v. Stanley, 35 Ill. 102.

If the sale had become absolute by the retention of the property without notice, and appellee was thereby precluded from avoiding payment, he might still show the warranty and breach in mitigation of damages. With these questions to be settled by the jury the court gave the following instructions : " The court instructs you that if you find from the evidence that Cook testified that for the plaintiffs he sold the machine

Cook v. Tavener.

to the defendant, with a guaranty that it would do good work, and you believe that to be true, and defendant bought the machine relying on such representations, then such guaranty became a part of the contract, and before plaintiffs can recover against defendant for the value of the machine they must prove by a preponderance of the evidence that the machine did do good work, and if they have failed to do so you should in this case return a verdict for the defendant. And upon that point you are further instructed, that if you find from the evidence that the·machine was purchased by the defendant of plaintiffs upon a guaranty by the plaintiffs that it would do good work, and if so the defendant was to pay them $140 for it, and it failed to do good work as guaranteed, then it would make no difference whether the defendant did or did not offer to return it to the plaintiffs. In such case it is incumbent on plaintiffs to prove by a preponderance of the evidence, that the machine did do good work in order to entitle them to recover; in such case the guaranty that it would do good work, being a part of the consideration upon which it was sold, the plaintiffs are not entitled to recover the price of the machine unless it did do good work."

These instructions entirely ignored the second question upon which the jury were to pass, and told them that they should find for defendant if appellants failed to show that the machine did good work, regardless of any question of retention of the machine, failure to give notice in a reasonable time, etc. Under these instructions appellee might retain and use the machine for any length of time or until entirely worn out and pay nothing. If the sale became absolute, the only right appellee had under the warranty was to the damage occasioned by a breach, if any, and upon that question, both by the law and by his special plea, the burden of proof was upon him to show the breach and consequent damage by a preponderance of the evidence. Maltman v. Williamson, 69 Ill. 423.

The instruction was wrong in stating that it made no difference whether appellee did or did not offer to return the property. The delivery to him was made at his farm, but in all cases of sale on trial, there must be a return, or restoration,

or offer to re-deliver the property in case the vendee elects
not to retain it. The jury would understand from this in-
struction that appellee need do nothing at all to exercise his
election under the contract except to defend against any claim
for payment.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*