Fred Rose, Defendant in Error, v. H. H. Stoddard, Plaintiff in Error.

## Gen. No. 17,616.

1. PAYMENT—*effect of receipt.* *Held,* that a receipt in full given to a lessee was not understood by the parties to be in full of all that was due under the lease.

2. LANDLORD AND TENANT—*liability for repairs.* A clause in a lease permitting the landlord to enter to examine or exhibit the premises or "to make any needful repairs, which said first party may see fit to make," places no obligation upon the lessee or on a guarantor to pay for repairs which the lessor might choose to make.

3. COSTS—*when may be equally divided.* When the appellate court reverses a judgment against a guarantor on a lease on appeal by him and enters judgment against him for a less sum, costs may be equally divided.

Error to the Municipal Court of Chicago; the HON. ARTHUR W. DESELM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed. Opinion filed June 24, 1913. Rehearing denied July 8, 1913.

CHARLES M. FOELL, for plaintiff in error.

ALBERT A. KRAFT, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

In this case judgment was entered in favor of the defendant in error, as plaintiff, against the plaintiff in error, as defendant, as guarantor on a lease, the amount of recovery being $10, alleged to have been paid on account of water taxes, and $76.49 for repairs made to an elevator in the property covered by the lease. The judgment was based on a finding, the case having been tried without the intervention of a jury.

The date of the lease was May 9, 1910, and the term fixed by it ended April 30, 1911. The suit was brought

March 6, 1911. The lessee named in the lease was Horace A. Stoddard, a son of the defendant.

The provision in the lease with reference to water rents is in the fifth paragraph, and by it the lessee agrees "to pay (in addition to the rents above specified), all water rents and gas bills taxed, levied or charged on said demised premises, for and during the time for which this lease is granted, and in case no water rents are levied specifically upon said premises to pay the whole part of all water rents levied or charged upon the building in which said demised premises are situate."

The second paragraph of the lease, so far as applicable in the case, if it is applicable, imposes upon the lessee the duty, upon the termination of the lease, to yield up the premises to the lessor in good condition.

A bill from the city for water was produced, but it included all the water used in the entire building, only a portion of which was included in the lease in question, that being the front store and entryway, etc., comprising two floors to be occupied for an automobile and carriage garage. Counsel stipulated that if under the lease the defendant was liable for any portion of the water bill, $10 would be approximately the correct amount.

The evidence shows that the lessee ceased to use the premises in October, 1910, and that thereafter there was an assignment of the lease to one Edward Herrmann.

On December 1, 1910, the defendant gave his check for $354 to plaintiff, which was shown to have been paid. The plaintiff executed a receipt on December 1, 1910, reading:

"Received of H. H. Stoddard, $354.00 for rent of building known as 2238 Madison street rented May 9, 1910, to H. H. and H. A. Stoddard, also front office room rented to Hong Sam and transferred to H. A. Stoddard. This to be in full settlement for both up to

May 1st, 1911, from Mr. Rose to have privilege of putting up stoves to keep water from freezing, etc. $354.00.''

There was also introduced in evidence the following receipt:

"DECEMBER 3, 1910.

"Received of Edward Herrmann, Thirty-one and 25/100 Dollars being in full of all claims against Horace A. Stoddard and Horace H. Stoddard for rent of entire first and second floors of the rear building of the premises known as 2238 Madison street, Chicago, Illinois, from Oct. 18, 1910, to April 30, 1911.

Paid FRED ROSE (SEAL).''

The defendant testified that at the time he gave the check to plaintiff he asked the plaintiff whether the amount so paid was everything that was due under the lease up to the end of the term, and that plaintiff answered, "Yes, that settles up everything, you don't owe me a dollar.'' The defendant further testified that at this time he did not know that Mr. Rose claimed anything for the repairs of the elevator or on account of the water bill, and that at no time during the conversation did he say anything about either of said bills or claim anything on account thereof. He further testified that the premises were sublet for the unexpired portion of the term of one Edward Herrmann, and that on the day he handed plaintiff the check he also handed him a card on which he had written that he would pay plaintiff one-fourth of everything he received for the unexpired portion of the lease, and that thereafter the card was presented by plaintiff to Herrmann and the latter paid him $31.25, which was the occasion for giving the receipt last referred to.

In rebuttal the plaintiff denied that the amount paid on December 1st by the defendant was in full of all claims under the lease; alleged that nothing was discussed excepting the amount of rent, and that the reason he did not say anything to the defendant about

the water bill and the bill for repairs to the elevator was that they had not been paid at that time.

We are unable to say that the receipt given was understood by the parties to be in full of all that was due under the terms of the lease.

The repairs to the elevator were made under the direction of the plaintiff by the Otis Elevator Company and a bill was rendered to him, but we find nothing in the record which would lead to the conclusion that the lessee or the defendant had agreed to pay for the same.

It is argued by the plaintiff, as we understand it, that the defendant is liable because of the language in paragraph 2 of the lease, which imposed upon the lessee the duty, upon the termination of the lease, to yield up the premises to the lessor in good condition. It does not appear that the elevator was for the exclusive use of the lessee. At the time of the beginning of the suit the lease had not terminated. There is in the record nothing upon which can be predicated the claim that the premises were not yielded up in good condition.

Plaintiff calls attention to another clause in the lease permitting the landlord to enter the premises for the purpose of examining or exhibiting the same, or "to make any needful repairs * * * which said first party may see fit to make." By this clause, however, no obligation rested upon the lessee or the defendant, as guarantor, to pay for repairs which the lessor might choose to make. The judgment, in so far as it includes repairs to the elevator, is erroneous.

The parties agreed that $10 was the proportionate part of the water bill that should have been paid by the lessee. The judgment of the Municipal Court will be reversed and a judgment entered in this court in the sum of $10 in favor of the plaintiff, Fred Rose, and against the defendant H. H. Stoddard. The costs of this court will be divided equally between the parties.          *Reversed and judgment here.*