# Harvey H. Atherton, Appellee, v. Frank Shelly, Appellant.

1. EVIDENCE, § 331*—*admissibility of parol evidence to vary receipt.* A receipt is not conclusive if, in fact, it did not and was not intended to cover everything, and parol evidence is admissible to explain, vary or contradict it.

2. INSTRUCTIONS, § 18*—*propriety of refusing misleading instructions.* Instructions which are likely to mislead or confuse the jury are properly refused.

Appeal from the County Court of Fulton county; the Hon. HOBART S. BOYD, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

W. SCOTT EDWARDS, for appellant.

HARVEY H. ATHERTON, *pro se.*

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellee, who is engaged in the practice of law, was employed to foreclose a trust deed given to one McNally to secure a debt of $60,000, for a stipulated fee of $1,000. In this litigation appellant was interested. Later appellee was employed by appellant to foreclose two other mortgages for a stipulated fee of $200 in one case known as Miller v. Shelly and $150 in the other case known as Shelly v. Robinson, if the proceedings went to final decree, but if those cases were settled before anything more was done than filing the bills, then it was stipulated that the fee in the Miller case should be $75 and the fee in the Robinson case should be $50. The case of Shelly v. Robinson went to final decree. While the other cases were pending, an adjustment of the whole matter was made,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

as a part of which appellant agreed to pay all costs and attorneys' fees in all of the cases. Later, after appellant and appellee had had one or more conversations about the amount of fees appellee was to receive, appellant gave to appellee his note for $950, and appellee gave to appellant a receipt in full. At the time when the note and receipt were given, appellant told appellee that there was a firm of Peoria attorneys who were claiming that he should pay them $50 for fees for filing an answer for some defendant in one of the foreclosure cases, and appellee told appellant that he was under no obligation to pay those attorneys anything. So far the facts are beyond dispute. Appellee further testified that when the talk about the claim of the Peoria attorneys was had he told appellant that he could keep out of the amount due him, appellee, $50, the amount claimed by the Peoria attorneys until it was finally determined whether appellant would have their claim to pay, on the condition that if he did not have it to pay he should pay that amount to appellee. In other words, that appellee and appellant would settle their differences for $950 on the condition that appellant was compelled to pay the Peoria attorneys $50, but if he was not compelled to pay that claim then he should pay that amount to appellee, making the total amount to be received by him $1,000. Appellant admits having had the conversation with appellee about the claim of the Peoria attorneys for $50 and that appellee told him he was not obliged to pay that claim and further told him what to write to the Peoria attorneys about the claim, but denies that he promised under any circumstances to pay appellant $50 in addition to the $950 represented by the promissory note. Appellant has never paid the Peoria attorneys the $50 claimed, neither has he paid appellee anything except the $950 note. This suit was brought to recover the $50 which appellee claims was deducted from his claim of $1,000 for fees on the con-

dition that appellant was compelled to pay that amount to the Peoria attorneys. There is no doubt that $1,000 was the amount of appellee's fees which appellant originally agreed to pay. The entire controversy in this case is over what the agreement, if any, was when the note for $950 and the receipt in full were given. Appellee so testified when on the witness stand and appellant through his attorney so stated in open court. We quote from the record:

"Mr. E. Move to strike that evidence as incompetent, irrelevant and immaterial, because we stipulate and state that we made a contract by which we agreed to pay $1000.00. * * * We say that the $1000 is what we agreed to pay him, and why go into anything else? Now we admit that we gave him a contract for $1000.00 and agreed to pay him $1000.00. Mr. Atherton says we kept back $50.00 when we settled on account of another matter. Let's confine this evidence to that other matter."

The jury found the issue for appellee and assessed his damages at $50 and judgment was entered on the verdict. There is no assignment of error challenging the sufficiency of the evidence to support the verdict.

Appellant complains because the court in the admission of evidence and in the instructions to the jury held it competent for appellee to contradict and explain a written receipt. A receipt is not conclusive if, in fact, it did not and was not intended to cover everything. Parol evidence is admissible to explain, vary or contradict a receipt. *Ostrander v. Scott,* 161 Ill. 339; *Ditch v. Vollhardt,* 82 Ill. 134; *Switzer's Estate v. Gertenbach,* 122 Ill. App. 26; *Campbell v. Heuer,* 139 Ill. App. 631; *White Walnut Coal Co. v. Crescent Coal & Mining Co.,* 162 Ill. App. 353; *Rose v. Stoddard,* 181 Ill. App. 405.

Appellant lastly complains that the court refused two instructions presented by him. Neither of these instructions is correctly abstracted. As they appear

in the record they are likely to be misunderstood and likely to mislead or confuse the jury and were properly refused. The judgment of the circuit court is affirmed.

*Judgment affirmed.*