WILLIAM J. McCANN, Appellee, vs. ESROM MAYER et al.
Appellants.

*Opinion filed February 20, 1908.*

1. TRIAL—*case should go to jury where plaintiff's evidence, if true, would authorize a verdict.* The issue in an action at law should be submitted to the jury where the evidence in favor of the plaintiff, standing alone and uncontradicted, is sufficient to authorize a verdict in his favor.

2. BROKERS—*contract to pay commissions for introducing buyer is not illegal.* An agreement by persons in control of land to pay a certain commission per acre to a broker if the latter should introduce any person to whom the persons in control should be able to make a sale is not illegal nor against public policy, and does not amount to an undertaking by the broker to sell the property or to furnish a purchaser.

3. SAME—*when instructions stating the general rule relating to brokers are properly refused.* Instructions stating the general rule that a real estate broker employed to sell lands or procure a purchaser cannot recover commissions unless he brings about a sale or produces a purchaser ready, willing and able to buy, should not be given without the qualification that the jury believe that such was the contract, where the evidence upon that point is conflicting.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Stephenson county; the Hon. R. S. FARRAND, Judge, presiding.

LOUIS H. BURRELL, and ROBERT B. MITCHELL, for appellants.

DOUGLAS PATTISON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, William J. McCann, a real estate broker, sued the appellants, Esrom Mayer and Alfred L. Parsons, a firm of real estate brokers at Freeport, in the circuit court of Stephenson county, for a commission of twenty-five

cents per acre on the sale of 11,173 acres of land in North Dakota, and obtained a verdict, followed by a judgment, for $2793.25, the amount of his claim. The defendants appealed to the Appellate Court for the Second District, where the judgment was affirmed, and they prosecuted a further appeal to this court.

The defendants had lands in North Dakota for sale as agents of the Nason-Christofferson Land Company of St. Paul, and sold 11,173 acres of said land to Henry Brockmeier. This suit was based upon an alleged contract by which defendants agreed to pay plaintiff twenty-five cents per acre on any wholesale sales, or sales of large tracts, to persons whom he should introduce and who should afterwards purchase lands. He testified to the contract and to the performance of it on his part by introducing to Parsons, one of the defendants, Henry Brockmeier, who afterwards made the purchase, and as his evidence, standing alone and uncontradicted, would have been sufficient to authorize a verdict in his favor, the court did not err in denying the motion of defendants to direct a verdict and submitting the issue to the jury.

All controversy as to the disputed facts, such as the nature of the contract and the performance of it by plaintiff, ended with the judgment of the Appellate Court and cannot be renewed here, where only questions of law can be considered.

It is assigned for error that the trial court admitted improper evidence on the part of the plaintiff. The defendant Mayer had filed a separate plea denying that he was jointly liable with his co-defendant, Alfred L. Parsons, and the plaintiff, while testifying as a witness, was asked as to various trips made by him with Parsons around the county for the purpose of selling the lands and the connection of Mayer therewith. Such questions being objected to, the court said that the evidence would be admitted, not for the purpose of showing any right of the plaintiff to recover, but as tend-

ing to show the relation of the defendants and that they held themselves out as partners. The testimony of Henry W. Coffman of a purchase by him of North Dakota lands from the defendants, jointly, was also admitted, and the evidence was competent for the limited purpose stated by the court. The defendants afterward admitted the existence of the partnership and there was no further controversy about it.

Complaint is made that Brockmeier was not allowed to state how he happened to purchase the land, but the abstract shows that the objection of the plaintiff was overruled and that witness did answer the question fully and stated how he came to make the purchase. The court struck out what Brockmeier said to another person about the rates of fare out west and going out there, which was immaterial and was properly struck out.

It is also insisted that the court erred in refusing to give nine instructions tendered by the defendants. They were all to the effect that plaintiff could not recover unless he had proved that he did, in fact, introduce the defendant Parsons to Henry Brockmeier as a prospective purchaser of the lands and that the sale was actually procured and brought about by that means. It was sought by these instructions to apply to this contract the general rule that where a real estate broker is employed to sell lands or to procure a purchaser, he must perform his contract by bringing about a sale or procuring a purchaser ready, willing and able to make the purchase. If the instructions had been unobjectionable as applied to the case, it was sufficient ground for refusing them that the same doctrine was stated in several instructions given to the jury at the request of the defendants, and it is neither necessary nor proper to repeat the same rule. The instructions which were given, however, should not have been given except upon the hypothesis or with the qualification that the jury believed the contract to be as claimed by the defendants, which was

omitted. If the jury believed the version of the contract testified to by plaintiff to be the true one, there was no agreement to sell the property or to furnish a purchaser, but only an agreement of the defendants to pay if the plaintiff should introduce any person to whom the defendants, as real estate brokers, should be able to make a sale. Such a contract is not illegal or contrary to public policy, and if the defendants saw fit to make it, the law interposes no obstacle to its enforcement. Mayer was not a witness, and Parsons testified that the contract was to give plaintiff twenty-five cents an acre for any wholesale sales that he would make or purchasers that he would furnish, and the instructions assumed that his statement of the contract was the true one, which ought not to have been done. The instructions as given were more favorable to the defendants than the law authorized, and the instructions refused were properly refused because not based upon the hypothesis of fact that the verbal contract was as claimed by defendants.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*