Minnie Offner, Administratrix of the Estate of Jacob Offner, deceased, Plaintiff in Error, v. The Erie Railroad Company, The Chicago & Erie Railroad Company and The Chicago & Western Indiana Railroad Company, Defendants in Error.

## Gen. No. 13,816.

1. MASTER AND SERVANT—*what failure to furnish reasonably safe place to work*. A master employing a servant upon extra hazardous duty is bound to the exercise of reasonable care to furnish to such servant a place reasonably safe considered with respect to the dangers involved.

2. RAILROADS—*when lessor liable for negligence of lessee*. A railroad company which has leased to another railroad company the right to use its franchises or part of the privileges thereof is liable for the negligence of such lessee company to the same extent as it is liable for its own negligence.

3. INSTRUCTIONS—*when peremptory should not be given at instance of defendant*. The issues in an action at law should be submitted to the jury where the evidence in favor of the plaintiff, standing alone and uncontradicted, is sufficient to authorize the verdict in his favor.

4. EVIDENCE—*what competent with respect to ordinary methods of performing work*. It is competent to show the usual and ordinary methods of performing work in a switch-yard in which the plaintiff received his injury.

Action in case for death caused by alleged wrongful act. Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed April 17, 1908.

**Statement by the Court.** This writ of error is prosecuted to reverse a judgment for defendants in error, hereinafter called plaintiff, in an action brought by the plaintiff against the defendants to recover damages for the alleged wrongful killing of Jacob Offner, plaintiff's intestate.

The first count of the declaration, after alleging that the defendants were railroad corporations and owned

and controlled certain railroad tracks and railroad yards, avers that the plaintiff's intestate was on October 5, 1903, employed by the defendants, and was at work in the Taylor street yard of the defendants; and while so at work was in the exercise of all due and ordinary care for his own safety; that the defendant had notice he was so at work upon the car in said yard; and that they carelessly and negligently and without notice to the plaintiff's intestate ran and propelled a locomotive and a car or cars thereto attached upon said track on which he was at work, and then and there, through the negligence of the defendants, the wheels of the said car rolled upon and over his limbs, and he then and there and thereby was so injured that he died from the effects thereof.

The second count is similar to the first, except that it alleges that the defendants carelessly and negligently failed to use reasonable care to see that the place in which plaintiff's intestate was at work was reasonably safe, but on the contrary allowed and permitted an engine with cars attached to be run upon the same track on which the car was standing where the plaintiff's intestate was at work, and to be run against the said cars with great force and violence, whereby, etc.

The third count, after the general introductory paragraph, is more specific in its averments, but is substantially the same as the second count.

The fourth count, in addition to the allegations of the third count, avers the failure on the part of the defendants to notify and warn plaintiff's intestate that the engine and cars were to be run on the track where he was at work, and that the death of said Offner was not caused by any want of ordinary care on his part, but solely by the negligence of the defendants; and that deceased left him surviving his widow and daughter, to whom damages may be distributed, and that plaintiff was duly appointed administratrix of his estate.

On the trial in the Circuit Court, at the close of the plaintiff's evidence and on the motion of each of the

defendants, the jury were instructed to find the defendants not guilty. After denying the plaintiff's motions for a new trial and in arrest of judgment the court entered judgment against the plaintiff on the verdict so returned.

THEODORE PROULX and CYRUS J. WOOD, for plaintiff in error; ADLER & LEDERER, of counsel.

WILLIAM L. REED and E. P. H. WEST, for defendants in error; WILLIAM J. HENLEY, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The peremptory instruction of the court and the errors assigned thereon present the question whether there was any evidence before the court and jury tending to prove the declaration or any count thereof.

The conclusion we have reached in this case is that the judgment must be reversed and the cause remanded for a new trial. In view of this conclusion we refrain from any discussion of the evidence, and from a consideration of the evidence for any other purpose than to determine the question above stated.

In our opinion, the evidence tends to show that the injury and death of the plaintiff's intestate was caused by an extraordinary danger not ordinarily incident to the business of his employer, the Chicago & Erie Railroad Company; that the plaintiff's intestate, at the time of the accident, was exercising all the care and caution required of him, and that he in no way contributed to the injury by any negligence on his part; that he was employed by the Chicago & Erie Railroad Company, which was negligent in failing to furnish him with a reasonably safe place to work in, considering that the business it was conducting and the work he was doing was more hazardous than other lines of employment; that the locomotive was operated by men working for the Chicago & Western Indiana Railroad

Company, the owner of the yards and track where the injury occurred; and that the locomotive and crew were the property and servants of the Chicago & Western Indiana Railroad Company or its lessee (Pennsylvania Co. v. Ellett, 132 Ill. 654; Chicago & Erie R. R. Co. v. Meech, 163 Ill. 305; Chicago & Western Ind. R. R. Co. v. Newell, 212 Ill. 332); and that the locomotive and crew ran upon the same track on which plaintiff's intestate was working, repairing a freight car, without giving any warning or signal, and collided with said freight car, causing the injury; that the blue flag put up by the deceased was a signal used in the yard where deceased was working, and was provided for that purpose; and that deceased left him surviving his widow and daughter, and that plaintiff in error had been duly appointed administratrix of the estate of the deceased.

The evidence in the record tended to prove, in our opinion, the case laid in the declaration, and should have been submitted to the jury. It was therefore error to give the peremptory instruction. The issues in an action at law should be submitted to the jury where the evidence in favor of the plaintiff, standing alone and uncontradicted, is sufficient to authorize a verdict in his favor. McCann v. Mayer, 232 Ill. 507.

The witness Heinz testified that the deceased obtained a blue flag from a shanty where the men kept their clothes in the yard, and put it in a knuckle on the south end of the south car on the track on which the car stood which he was repairing. He was then asked by plaintiff's counsel: "Q. Did you ever see Mr. Offner use a blue flag before that?" Objection was made by defendants to this question, and plaintiff's counsel stated that he wished to show who used it and what it was used for. The court sustained the objection. Plaintiff's counsel then asked the witness: "Q. Did you ever see the men who worked about those yards use a blue flag in the yards there?" The court sustained an objection to this question. Counsel then

asked the witness: "Q. Did you ever use a blue flag yourself? A. Yes, sir." The court struck out the answer.

We think this evidence was competent and that it was material error to exclude it. The evidence sought to be introduced bore upon the usual and ordinary method of conducting the business in the yard and what notice the flag gave, if any, and upon what were the ordinary hazards in that business as conducted, upon the care of the deceased for his own safety, and what risks were not ordinarily incident to the employment in which the deceased was engaged, and the question as to whether the deceased assumed the risk of injury. These questions were in the case and were for the jury to determine. Colson v. Graver, 80 Ill. App. 99.

For the errors named the judgment is reversed and the cause is remanded.

*Reversed and remanded.*