MAGGIE GARRITY *et al.* Appellants, *vs.* THE CATHOLIC ORDER OF FORESTERS, Appellee.

*Opinion filed December 22, 1909—Rehearing denied Feb. 4, 1910.*

1. TRIAL—*court cannot weigh evidence on motion to direct a verdict.* Upon motion by the plaintiffs, at the close of all the evidence, to direct a verdict in their favor the trial court cannot weigh the evidence, but can only regard the evidence favorable to the defendant and consider whether there is evidence tending to establish the defense made, and if there is such evidence the instruction must be refused.

2. APPEALS AND ERRORS—*when the Appellate Court's finding is conclusive.* Where the defendant benefit society would not be liable upon the benefit certificate in suit if the deceased member had changed his occupation from policeman to railroad switchman after issuance of the certificate, a finding by the Appellate Court, in reversing a judgment for the plaintiffs without remanding the cause, that there was such a change of occupation is conclusive against the plaintiffs.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding.

PEASE, SMIETANKA & POLKEY, (WARREN PEASE, of counsel,) for appellants.

EDMUND S. CUMMINGS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellants recovered a judgment in the superior court of Cook county against the appellee for $1000, which the Appellate Court reversed without remanding, and, having obtained a certificate of importance, they have appealed to this court.

The appellee is a fraternal benefit society. Benjamin Garrity joined the society and received a certificate of membership whereby the order promised to pay upon his death $1000 to appellants, his brother and sister. The certificate provided that the constitution and by-laws governing the order in force at the time of the initiation of the member, and all amendments, additions or alterations made thereto during the continuance of the certificate or before the death of the member, were a part of the contract. By his written application for membership Benjamin Garrity agreed to conform in all respects to the laws, rules and usages of the order then in force or that might thereafter be adopted. At the time the certificate was issued the constitution and laws of the society made no distinction among its members with reference to the occupations in which they were engaged. Afterward such constitution and laws were so amended that after January 1, 1904, three classes were established with reference to occupation, one of which was the prohibited class, in which were included persons engaged in the occupation of railroad switchmen in yards,

and it was provided that any member changing his occupation from either of the other classes to the prohibited class should by that fact lose his membership in the order. When the certificate was issued Garrity was a policeman, but appellee contends that he afterward became a railroad switchman in yards. . He was killed on June 26, 1905, and suit was brought on the certificate. On the trial, at the close of the evidence, the plaintiffs asked the court to direct a verdict in their favor, but the request was refused. A verdict was returned in favor of the plaintiffs, on which judgment was rendered. The Appellate Court in reversing the judgment made a finding of fact that after the issuance of the certificate Benjamin Garrity changed his occupation to that of a railway switchman in yards.

The appellee's liability is not contested unless the defense that the deceased had changed his occupation so as to bring him within the prohibited class is established, nor is it contested that such change of occupation would constitute a defense. Whether such change occurred is a question of fact, upon which the finding of the Appellate Court is conclusive. The appellants having asked a peremptory instruction for a verdict in their favor, which was refused, insist that they were entitled, as a matter of law, to have such instruction given, for the reason that the uncontroverted facts show that Garrity was not pursuing a prohibited occupation at the time of his death. On this motion for a directed verdict the court could not weigh the evidence. It could regard only the evidence favorable to the defendant and consider whether there was evidence tending to establish the defense. The material facts were not in dispute. Garrity was working on a railroad in process of construction. He was foreman switchman of a crew engaged in switching between Gary and McCook, small villages two or three miles apart, and had charge of the movements of the engine. There were side-tracks at both places, and his duties were to haul empty cars from Mc-

Cook, place them on the tracks at the quarry in Gary to be loaded, set them out on the side-tracks when loaded, make up the trains and take them to McCook for delivery to other roads there. The tracks and switches were described by the witnesses, and there was evidence of experienced railroad men that tracks situated and used as these tracks were, constituted a railroad yard. This evidence tended to prove the defense alleged, and there was no error in refusing the peremptory instruction.

The judgment is affirmed.

*Judgment affirmed.*