Lulu Killough, Administratrix, Appellant, v. Chicago, Burlington & Quincy Railroad Company, Appellee.

1. INSTRUCTIONS—*when giving of peremptory erroneous.* If there is evidence tending to prove the negligence charged in the declaration it is error to give a peremptory instruction.

2. INSTRUCTIONS—*effect of motion for peremptory.* By interposing a motion for a peremptory instruction, the defendant admits the truth of all opposing evidence ·and all inferences which may be fairly and rationally drawn from it.

3. CONTRIBUTORY NEGLIGENCE—*right to rely upon observance of ordinances.* A person about to pass over a railroad crossing is entitled to rely upon the observance of all ordinances regulating trains passing over such crossing.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the·May term, 1910. Reversed and remanded. Opinion filed October 18, · 1910.

ELTING & HAINLINE and CURRAN & CURRAN, for appellant; DON P. PENNYWITT, of counsel.

TUNNICLIFF & GUMBART, for appellee; J. A. CONNELL, of counsel.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case by appellant as administratrix of the estate of Louisa Wallace, deceased, against appellee, to recover damages for the death of her said intestate, alleged to have been caused by the

negligence of appellee. At the close of all the evidence the court directed the jury to return a verdict of not guilty. Judgment was rendered upon such verdict in bar of the action, to reverse which this appeal is prosecuted by the plaintiff.

The case was tried upon the first, second, third and fifth original, and the first, third and fifth additional counts of the declaration. The negligence charged in the first and second counts is the failure to ring the bell or sound the whistle of the engine, as required by the statute. The third count sets up that the public street and crossing in the city of Bushnell, where the injury occurred, were near and between the depot of the T. P. & W. Railroad Company and the defendant's depot, and where passengers passed to and fro, to board the trains of the defendant and those of the said T. P. & W. Railroad Company, and that the said Louisa Wallace, with all due care and diligence, was walking in and upon the said street across the defendant's said crossing, and then alleges that it was the defendant's duty to so regulate the movements of its said engine and train at the said crossing with due regard to the safety of passengers obliged to cross its said railroad to reach its station there, but that its servants negligently operated the movement of the said engine and train up to, upon and across the said public street at the said crossing.

The fourth count alleges that the said depots were placed where passengers congregated to board trains, and the said crossing being where passengers passed to and fro to board defendant's trains, and charges the same negligence as in the third count. The first and third additional counts allege the violation of certain ordinances of the city of Bushnell providing that no freight trains shall be propelled in, through or within the corporate limits at a greater rate of speed than six miles per hour, and that no locomotive engine should be propelled through or within said cor-

porate limits without continually ringing the bell, etc. The fifth additional count charges that the defendant improperly drove its locomotive engine and train at a high and dangerous rate of speed at said crossing, and failed to keep a proper watch for persons about to cross over the same, or to give proper signals of their approach, and the neglect to stop or endeavor to stop said engine or train, so as to prevent injury to the said Louisa Wallace upon said crossing. The amended second and fourth additional counts were held bad on demurrer and the plaintiff elected to abide by the same.

The evidence discloses the following facts: Plaintiff's intestate, Mrs. Louisa Wallace, who was about seventy-five years of age, and quite deaf, was on the morning of August 14, 1909, returning from LaHarpe, Illinois, to her home in Abingdon, Illinois. She arrived in Bushnell on the east-bound T. P. & W. train which had close connection with the north-bound passenger train of the Quincy branch of appellee's railroad. The passenger depot of the T. P. & W. railroad was situated on the north side of its track, and the depot platform for receiving passengers extended east to the west line of Main street in the city of Bushnell. Near the north side of the T. P. & W. depot was the main track of the Beardstown division of appellee's railroad, which entered the northwest corporate limits of the city about a mile from appellee's depot, from the northwest, and curving, crossed Main street at right angles, running east parallel with the T. P. & W. railroad and about fifty feet north therefrom, crossed the Quincy branch, about a block east from Main street. The passenger depot of appellee was located on the west side of the Quincy branch, running nearly north and south, at a point about forty feet north of where the St. Louis branch of appellee's road crossed the track of the Quincy branch, and about three hundred feet from the T. P. & W. depot. A

sidewalk ran northeasterly from the east end of the
T. P. & W. platform along the west side of Main
street, and crossed the St. Louis branch at said cross-
ing, and continued up the street; about ten feet north
of the crossing on the St. Louis branch, where the de-
ceased was killed, a sidewalk joining the one running
north from the T. P. & W. depot, ran east, parallel
with the St. Louis branch, to its depot on the Quincy
branch.   There was a well-beaten path, which had
been used for the past twenty years by the general
public, which left the sidewalk going north about half
way between the T. P. & W. platform and the St.
Louis branch, and angled across Main street, inter-
secting the sidewalk running east leading to appellee's
depot, about twenty-seven feet from the crossing where
the accident occurred, and crossed the St. Louis di-
vision at a point near the center of the street.   The
distance between the track of the T. P. & W. and ap-
pellee's track was sixty feet.

West Main street was the only route provided for
the traveling public between the depots of the T. P.
& W. and appellee's railroads.   On the morning in
question, the deceased alighted from the morning train
of the T. P. & W. railroad, and walked down the
depot platform to the sidewalk on Main street, until
she reached the well-beaten path, and while she was
passing along the same on her way to appellee's depot,
for the purpose of taking the Quincy branch to Abing-
don, was struck by the engine of an east-bound freight
train on the said St. Louis division, just as she was
stepping off of the track, and received injuries from
which she died that afternoon.   There is evidence tend-
ing to show that her view of the train was obstructed
up to a point fifteen feet from the right of way, and
that at the time she was struck she was endeavoring
to change some parcels she was carrying from one
hand to the other.

Inasmuch as there is evidence tending to prove the

negligence charged in the declaration, the trial court doubtless directed a verdict for the defendant under the belief that the evidence favorable to the plaintiff, together with all inferences which might fairly and rationally be drawn therefrom, did not fairly tend to prove that the deceased was in the exercise of due care and caution for her own safety at and immediately prior to the time she was struck by the train. By interposing the motion for a verdict in its favor, the defendant admitted the truth of all opposing evidence and all inferences which may be fairly and rationally drawn from it. The motion did not involve a determination of the weight of the evidence nor the credibility of the witnesses. Swiercz v. Illinois Steel Co., 231 Ill. 456; Pronskevitch v. Ry. Co., 232 Ill. 136; McCann v. Mayer, 232 Ill. 507; Langan v. Fire Escape Co., 233 Ill. 308; Waschow v. Kelly Coal Co., 245 Ill. 516. It is not the law that because the evidence so preponderates against the plaintiff that a verdict cannot stand when tested by a motion for new trial, a verdict should be directed in favor of defendant. Woodman v. Bank, 211 Ill. 578; Libby v. Cook, 222 Ill. 206. Upon a motion of this character the plaintiff was entitled to the benefit of all evidence favorable to her, whether produced by her or by the defendant. Math v. Ry. Co., 243 Ill. 114; Garrity v. Foresters, 243 Ill. 411. It is not necessary and we do not now determine whether or not under all the evidence in the case, a verdict in favor of the plaintiff upon the issue of contributory negligence, would have been manifestly against the weight of the evidence. We are, however, of opinion that under the rule stated there was sufficient evidence, which together with the inferences which may be fairly and reasonably drawn therefrom, to require the submission of the question, as to what a reasonable and prudent person would have done for his own safety under similar circumstances, to the jury for its determination.

The evidence discloses that immediately prior to the time the deceased attempted to pass over the crossing, two persons had done so and had gotten twenty feet beyond the track; that two other persons, accompanied by two children, had crossed immediately ahead of the deceased; that the well-beaten path shortened the distance to appellee's depot some fifty feet; that the train which the deceased desired to take on the Quincy branch was due at the time of the accident; that a brakeman was stationed on the pilot of the engine of the freight train; that the servants of appellee in charge of the freight train knew that by crossing the path in question they would obstruct passengers following the customary route to the depot, and further that the train in question was running at a rate of speed prohibited by the ordinances of the city. Under these circumstances, we are not prepared to say that the actions of the deceased were negligent *per se.* She had a right to assume that the train would not be run in violation of the ordinance, or so as to shut off passengers bound for appellee's own depot. She also had the right to assume that the crew in charge of the train, knowing, as they did, the volume of travel over the crossing, would not attempt to drive the train over it while any number of people were using the same in hastening to catch one of appellee's trains then due. We therefore hold that the court erred in directing a verdict of not guilty.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*