## Best Tailoring Company, Appellant, v. Harry R. Clancey, Appellee.

### Gen. No. 18,367. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Fred C. Hill, Judge, presiding. Heard in the Branch Appellate Court at the March term 1912. Reversed and remanded. Opinion filed March 11, 1914.

### Statement of the Case.

Action by Best Tailoring Company, a corporation, against Harry R. Clancey to recover a sum claimed to be due under a contract of employment. The contract

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

was in writing, and it was stipulated therein that the defendant was to receive a certain salary per year and to receive a commission of seven per cent. on the amount of goods sold during any one year in excess of $100,000, and the defendant guaranteed to sell not less than $50,000 worth of merchandise during any one year, and agreed that if his sales were less than that amount he would pay plaintiff fourteen per cent. on the difference between the amount of his sales and $50,000. The defendant's sales lacked $28,008.29 of amounting to $50,000, and plaintiff brought suit to recover from defendant fourteen per cent. on that deficiency. Defendant's affidavit of merits based his entire defense on the claim that before the contract was drafted the plaintiff agreed to furnish him to sell a certain line of suits, the cheapest of which should be sold by him at $15 per suit and that plaintiff had failed to furnish the same, thereby preventing him from doing the volume of business he had contracted to do. Defendant also filed a claim of set-off for a portion of his salary. The jury found the issues against the plaintiff, and from a judgment entered on the verdict, plaintiff appeals.

MENZ I. ROSENBAUM and LOUIS M. CAHN, for appellant; MAURICE ALSCHULER, of counsel.

JAMES TURNOCK, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 319*—*when parol evidence inadmissible to vary terms of a written employment contract.* In an action against an employe on a written employment contract, permitting defendant to prove conversations which occurred before the contract was signed to show that plaintiff undertook to furnish defendant a certain line of goods to sell and permitting defendant to prove

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

that plaintiff failed to perform its contract in that respect, *held* error, it appearing that the contract was complete and unambiguous, and clearly meaning that the plaintiff was to be the arbiter as to the line of goods which defendant was to sell.

2. SET-OFF AND RECOUPMENT, § 43*—*when claim of set-off should be excluded from consideration of jury.* Where a claim of set-off is not supported by any competent evidence, it is error for the court not to exclude it from the consideration of the jury.