## Wilmer A. Radzinski, Administrator, Appellant, v. Edward Ahlswede, Appellee.

### Gen. No. 18,878.

1. COVENANT, ACTION OF, § 8*—*propriety of pleas of nil debet and non damnificatus.* In an action of covenant for breach of a contract under seal, pleas of *nil debet* and *non damnificatus held* not adapted to the nature and form of the action nor conformable to a count in the declaration.

2. COVENANT, ACTION OF, § 1*—*when action lies.* Action of covenant will lie only on a contract in writing under seal.

3. COVENANT, ACTION OF, § 1*—*when not proper form of action for breach of contract under seal.* Action of covenant is not the proper form of action for breach of a contract under seal, if upon any ground it can be held that the agreement was modified by previous parol agreement on a point essential to the defendant's liability.

4. PLEADING, § 115*—*when plea not an admission of cause of action.* A plea which sets up matter not well pleaded and is no answer to the declaration cannot be considered an admission of the cause of action stated in the declaration.

5. CONTRACTS, § 360*—*when issue cannot be taken on a plea of performance.* Plea of performance in an action on a contract under seal amounts to a plea of general performance when the declaration contains an assignment of a particular breach. Issue cannot be taken on a general plea of performance in such a case.

6. CONTRACTS, § 8*—*when void for uncertainty.* An agreement so vague and indefinite that it is not possible to collect from it the full intention of the parties is void.

7. CONTRACTS, § 8*—*when contract for building uncertain.* A written contract under seal whereby one party agreed to lease a building which the other party agreed to have erected upon plans to be drawn by third parties, *held* uncertain as to the kind of building the parties agreed should be built and that the party agreeing to lease could not recover for breach thereof, the writing making no reference to specifications and the sketch of the building and floor plan made before the execution of contract containing no sections or detailed drawings.

8. EVIDENCE, § 319*—*presumption as to contract in writing.* Where parties have put their engagements in writing, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing, and oral testimony of previous or contemporary conversations or declarations is rejected.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS
G. WINDES, Judge, presiding. Heard in this court at the October
term 1912. Affirmed. Opinion filed March 30, 1914. *Certiorari*
denied by Supreme Court (making opinion final).

BLUM & BLUM, for appellant.

CHARLES T. FARSON and STERN, ANDERSON & DAVIS,
for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion
of the court.

In an action of covenant there was a verdict and
judgment thereon for the defendant and plaintiff appealed. Pending the appeal the appellant died and his
administrator was substituted as appellant. The instrument under seal declared on is as follows:

"Articles of agreement made and entered into this
12th day of April, A. D. 1909, by and between Edward
Ahlswede, party of the first part, and A. J. Radzinski, party of the second part, WITNESSETH:

That whereas, the said Edward Ahlswede is the
owner in fee simple of the following described real estate, situate in the City of Chicago, County of Cook
and State of Illinois, to-wit: Lots fifteen (15), sixteen
(16), seventeen (17) and eighteen (18) in Block three
(3) in Snowhook's subdivision of that part of the east
half of the northwest quarter and of the west 7.44
chains of the northeast quarter lying north of Milwaukee avenue, of section thirty-six (36), township
forty (40) north, range thirteen (13) east of the third
principal meridian.

And whereas, the said party of the second part is
desirous of leasing of and from the said party of the
first part a two-story and basement brick building to
be erected upon the above described premises upon
plans to be drawn by Fromann & Jebsen, which building is to cost in the neighborhood of thirty thousand
($30,000) dollars, and is to be finished and ready for
occupancy on or before September 1, A. D. 1909, the
time to be extended to complete said building only in
case of strikes, alterations, fire or unusual action of
elements.

And whereas the said Edward Ahlswede has agreed to erect a building upon said premises according to the plans and specifications so drawn by said Fromann & Jebsen:

And whereas, said party of the second part agrees to pay said party of the first part, as and for rent of said premises the sum of three hundred seventy-five and no/100 dollars ($375) per month for a term of five years, lease form No. 1262 made by the Chicago Legal News Company to be drawn and signed by both of the parties with a condition of an extension of said period of five years for a further term of five years, provided six months' notice is given prior to the expiration of the first five years and at a rental of four hundred twenty-five and no/100 dollars ($425) per month.

The party of the second part is to pay all water taxes levied or assessed upon said premises; said party of the second part agrees to occupy said premises as and for a general merchandise stock.

The party of the second part hereby agrees to pay to the party of the first part the sum of five thousand dollars, as and for and as agreed liquidated damages for failure to perform on his part the terms of this agreement to be performed by him.

This agreement is to be binding upon the heirs, executors, administrators and assigns of the respective parties hereto.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the day and year first above written.

> EDWARD AHLSWEDE,     (SEAL.)
> A. I. RADZINSKI,     (SEAL.)''

The declaration avers that previous to the execution of the writing a sketch of the proposed building was shown to plaintiff by defendant, ''and everything in relation to said building agreed on.''

The pleas were, first, *nil debet;* second, performance; third, *non damnificatus;* and, fourth, that it was an express condition of ''said writing obligatory and in the negotiations leading up to the same'' that the building therein mentioned could be built according to

the plans drawn by Fromann & Jebsen at a cost in the neighborhood of $30,000, but that it was found that it could not be built at such cost, "but the cost of erecting such building would be, to wit, $50,000, and that because thereof a higher rate of rental would have to be charged, which higher rental the plaintiff refused to pay." The pleas except the first concluded with a verification. The replications to the second, third and fourth pleas traverse the averments of the pleas. The pleas of *nil debet* and *non damnificatus* are not adapted to the nature and form of the action nor conformable to the count and there was no issue properly joined on them. The second plea amounts to a plea of general performance when the declaration contains an assignment of a particular breach. Issue cannot be taken on a general plea of performance in such a case. But if the matter is not well pleaded and is no answer to the breach assigned in the declaration, it cannot be considered an admission of the cause of action stated in the declaration. *Simonton v. Winter*, 5 Pet. (U. S.) 141. The issue joined then was on the declaration which, in effect, averred that a previous oral agreement, outside of the writing declared on, was made by the parties in relation to the building to be erected, and a plea, which in terms averred that a certain provision in relation to said building not contained in the instrument declared on, "was an express condition of the said writing obligatory and of the negotiations leading up to entering into the same."

No rule is better settled than that where parties have put their engagements in writing it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing, and oral testimony of previous or contemporary conversations or declarations is rejected.

The action of covenant will lie only on a contract in writing under seal. If on any ground it can be held that the agreement under seal declared on was modified

by previous parol agreement, or that it was modified by a subsequent parol agreement, on a point essential to the defendant's liability, covenant is not the proper form of action for the breach.

If an agreement be so vague and indefinite that it is not possible to collect from it the full intention of the parties, it is void, for neither the court nor the jury can make an agreement for the parties. Here all that was shown to the plaintiff at or before the time the writing under seal was executed was a sketch of the front of the building and a ground or floor plan. Neither the sketch nor the floor plan contains any sections or detailed drawings. The writing declared on states that the building is to be erected "upon plans to be drawn by Fromann and Jebsen," and the plans were not drawn until a month or longer after the writing declared on was executed. The writing makes no reference to specifications. We do not think that it can be ascertained with any reasonable certainty from the writing taken in connection with the sketch and floor plan shown to the plaintiff before the writing was executed, the kind of a building the parties agreed should be built, and that this is an uncertainty which must prevent a recovery by the plaintiff.

We think that on the record the judgment for the defendant was proper, and it is affirmed.

*Affirmed.*