### Lotus Grain & Coal Company, Appellant, v. L. E. Zimmer, Appellee.

1. CONTRACTS, § 190*—*how instruments constituting contract construed.* Where two instruments are executed as evidence of one transaction they should be construed as one instrument.

2. SALES, § 15*—*when contract not invalid for want of mutuality.* In a contract for the purchase of corn at a certain price "to be received at * * * in good condition, on or before (at our option)

Dec. 31, 1917," the words "at our option" modify "on or before" and not the phrase "to be received" and consequently the contract is mutual, the purchaser not being given an option to receive the corn but an option as to the time of its delivery.

Appeal from the Circuit Court of Champaign, county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1919. Reversed. Opinion filed April 27, 1920.

DOBBINS & DOBBINS, for appellant.

GREEN & PALMER, for appellee; WILLIAM G. PALMER and ORIS BARTH, of counsel.

MR. JUSTICE WAGGONER delivered the opinion of the court.

Appellant, Lotus Grain & Coal Company, entered into a written contract with appellee, L. E. Zimmer, under date of August 20, 1917, for the purchase of 2,000 bushels of corn at $1.00 a bushel to be delivered on or before (at the option of the company) December 31, 1917. Appellee having failed to deliver the corn on demand of appellant made about the middle of December, appellant brought an action in assumpsit in August, 1918, to recover damages for a breach of the contract and produced evidence showing that corn had advanced to $1.68 a bushel at the time of the breach. At the close of appellant's evidence the court directed a verdict for appellee, overruled a motion for a new trial, and entered judgment in bar of the action.

The contract consists of two parts. At the time it was signed it was on one sheet of paper with a vertical perforated line through the center of it. The left side was the sale portion and was signed by appellee. The right side was the purchase portion signed by appellant. After it was signed by both parties it was torn in two along the perforated line. Appellee took and retained the portion signed by appellant. The portion signed by appellee was retained by appellant. Both parts were set out in the second count of the declaration as constituting the contract and were admitted in evidence without objection.

Appellee suggested that the record show that he produced the part signed by the company in response to a notice from the appellant. A copy of the material parts of the writing is as follows:

Lotus, Ill., August 20, 1917.

"This is to certify that I have sold to Lotus Grain & Coal Co., two thousand bushels of No. 4 yellow corn inspection at $1.00 per bu., to be delivered in good condition at Lotus, Ill., on or before Dec. 31, 1917. * * * In case of failure to deliver any or all of said grain I agree to recompense buyer for loss resulting from such failure.

L. E. Zimmer.

Lotus, Ill., August 20, 1917.

"This is to certify that we have bought from L. E. Zimmer two thousand bushels of No. 4 yellow corn inspection at $1.00 per bu., to be received at Lotus, Ill., in good condition, on or before (at our option) Dec. 31, 1917. And we agree to pay for the above grain at time of delivery as above specified * * *.

Lotus Grain & Coal Co."

Appellee contends that, under a proper construction of the contract, appellant was not bound to receive any corn; that the parenthetical expression "at our option" modifies and limits the words "to be received"; that the contract means that the grain company "promised to receive the corn at its option;" that the contract was not mutually binding on both parties and was therefore void for want of mutuality.

Appellant contends that the words "at our option" refer to the time of delivery and gives the grain company an option to specify the time of delivery between the date of the contract and December 31, 1917. Appellant demanded delivery of the corn about the middle of December and appellee failed to deliver it.

The object of courts is the enforcement of contracts rather than their evasion. (*Miedema v. Wormhoudt*, 288 Ill. 537, 540). "A contract should be construed in such a way as to make the obligation imposed by its terms mutually binding upon the parties, unless such construction is wholly negatived by the language used.

Bishop on Contracts, sec. 417; *Bangor Furnace Co. v. Magill,* 108 Ill. 656.'' *Torrence v. Shedd,* 156 Ill. 194, 211. ''The rule is, that where the terms of a contract are susceptible of two significations, that will be adopted which gives some operation to the contract, rather than that which renders it inoperative. (*Thrall v. Newell,* 19 Vt. 202; *Evans v. Sanders,* 8 Port. (Ala.) 497.) A contract should be construed in such a way as to make the obligations imposed by its terms mutually binding upon the parties, unless such construction is wholly negatived by the language used. *Torrence v. Shedd,* 156 Ill. 194, 211.'' *Minnesota Lumber Co. v. Whitebreast Coal Co.,* 160 Ill. 85, 94. See also, *Dreiske v. Davis Colliery Co.,* 156 Ill. App. 291, 296.

No rule of interpretation is more familiar than that when two instruments are executed as the evidence of one transaction, they should be construed as one instrument. *Gardt v. Brown,* 113 Ill. 475, 478. It is said in *Illinois Match Co. v. Chicago, R. I. & P. Ry. Co.,* 250 Ill. 396, 400: ''Where two written instruments are executed as the evidence of one transaction, they will be read and considered together as one instrument in arriving at the intention of the parties. (*Gardt v. Brown,* 113 Ill. 475; *Crandall v. Sorg,* 198 Ill. 48; *Gould v. Magnolia Metal Co.,* 207 Ill. 172; 1 Greenleaf on Evidence, sec. 283.) Under that rule the shipping order delivered by the plaintiff to defendant and the bill of lading delivered by defendant to plaintiff constituted the contract between the parties for the carriage of the matches.''

The rule of grammatical construction of language is that a qualifying word or phrase ordinarily refers to its nearest antecedent. *Perry v. J. L. Mott Iron Works Co.,* 207 Mass. 501.

Approaching the construction of the writing with the foregoing principles in mind, we do not look at it as two conflicting instruments, but as one contract, which, construed as a whole, gives the grain company the option of specifying the time for delivery between the date of the contract and December 31, 1917.

Grammatically the words "at our option" modify "on or before" and to contend that they modify the words "to be received" would violate the rules of grammar as well as render the contract invalid.

Instead of the construction that makes it mutual being wholly negatived it is the construction that good English and the foregoing rules of construction require. This is tacitly admitted by appellee in his brief as he always rearranges the words so that the words "at our option" follow the words "to be received" instead of the words "on or before." For example, he states the buyer promised "to receive it at its option." If this were permissible then it would be permissible to rearrange the words so that "at our option" would immediately follow the word "bought." The court might well disregard grammar and punctuation to reach a construction that would render the contract valid but it would not do this in order to reach a construction that would render the contract invalid. 6 R. C. L. 845-846. The circuit court erred in construing the contract to be invalid for want of mutuality. *Minnesota Lumber Co. v. Whitebreast Coal Co.,* 160 Ill. 85, 92-94; *Phelps v. McGee,* 18 Ill. 155, 158; *Dreiske v. Davis Colliery Co.,* 156 Ill. App. 291.

The evidence of willingness and ability to perform was sufficient for the case to be submitted to the jury. *Galena & C. U. R. Co. v. Rae,* 18 Ill. 488, 491; *Pahlman v. King,* 49 Ill. 266, 269; *Wolf v. Willits,* 35 Ill. 102. It is only where there is no evidence that a verdict may be directed. *Libby, McNeill & Libby v. Cook,* 222 Ill. 206; *Killough v. Chicago, B. & Q. R. R. Co.,* 158 Ill. App. 152.

The judgment rendered in this case is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Presiding Justice Graves, specially concurring.

Specially concurring contracts should always be construed and enforced according to the manifest intention of the parties, if the same can lawfully be done

without doing violence to the language employed in them. It is obvious that the contract here involved was intended to be and in fact was for the purchase and sale of corn at a specific price to be delivered at a specific place on or before a specific time, with the option on the part of appellant to require delivery at an earlier date if it should so elect. There is nothing in the language employed, the evidence offered, or the experience of men to suggest a contrary meaning. The attempt to distort this contract so as to mean something else is, to my mind, a subterfuge which would not have been resorted to by or for appellee if the price of corn had not advanced. Appellee should be held liable for his failure to perform his contract.