## Matteo Zalapi, Plaintiff in Error, v. Holcomb & Hoke Manufacturing Company, Defendant in Error.

### Gen. No. 7,604.

1. RESCISSION AND CANCELLATION—*false representations as ground.* False representations, to be sufficient to justify the rescission of a contract, must be as to material facts.

2. RESCISSION AND CANCELLATION—*false expressions of opinion as to value or utility of object of sale as ground.* Mere expressions of opinion, by a vendor or his agent, as to the value or utility of a machine, although falsely made, are not sufficient to justify the rescission of the contract of sale, where the parties dealt on equal terms and no special confidence was reposed in such expressions of opinion.

3. RESCISSION AND CANCELLATION—*sufficiency of evidence to show making of false representations warranting rescission of contract of sale.* The fact that the agent of the vendor of a pop corn machine, in order to induce vendee to purchase, stated to vendee that he had an ideal location for such a business, that the agent would guarantee that the machine would increase vendee's business 50 per cent, that if it did not the agent would take back the machine and return the money, that the agent would help vendee get started in the business and teach him how to run it, held not to warrant the rescission of the contract of sale on the ground of false representations of material facts, the statements in question being mere expressions of opinion for which the vendor was not bound.

4. CONTRACTS—*order, note and mortgage as evidence of contract of sale.* Where, in connection with the sale of a machine, a written order therefor was prepared and signed by the parties, and a note and mortgage were executed, the contract between the parties consisted of the order, the specifications, the note and the mortgage, and all of such instruments must be construed together to determine the agreement between the parties.

Zalapi v. Holcomb & Hoke Mfg. Co., 241 Ill. App. 102.

5. Contracts—*merger in written contract of prior oral negotiations and conversations.* Where following oral negotiations for the purchase and sale of a machine the parties enter into a written contract of sale, all previous negotiations and conversations are merged in the written agreement.

6. Contracts—*admissibility of evidence as to terms of agreement where written contract stipulates against binding effect of unincluded representations, etc.* Where a contract for the sale of a machine provided that no agreement, representation or claim of any kind should be binding unless contained in the contract, it was error, in a suit to rescind such contract, to permit proof by vendee of alleged false representations made by vendor's agent in procuring the sale, such representations not having been included in the contract.

7. Chattel mortgages—*sufficiency of provisions to show date of maturity and of termination of lien.* Where a chattel mortgage provided that it was given to secure "the sum of $663.50, as evidenced by a certain promissory note dated ——————— for $663.50, payable in 38 installments, 37 of said installments being in the sum of $17.50 each and one for $15.00, and due every two weeks with interest at the rate of 6 per cent per annum from the date of the mortgage," the court was not precluded from decreeing foreclosure on the ground that there was no way to determine from the mortgage when the payments became due, when they would cease, or whether the lien would extend for more than three years in violation of statute, it being evident from the mortgage that payments were to begin on the day the contract was executed and were to continue at intervals of two weeks until the entire amount was paid.

8. Chattel mortgages—*right to attorney's fees on foreclosure under provision therefor if litigation necessary.* Where a chattel mortgage note provided for the payment of a 15 per cent attorney's fee if litigation became necessary, and the mortgagee, after default and refusal to surrender the property to the mortgagee as provided in the contract under which he purchased it, filed a bill in equity to set aside the contract on the ground of fraud, the court, in dismissing the bill for want of equity and decreeing foreclosure under the defendant's cross-bill, properly allowed the 15 per cent attorney's fees as provided in the note.

Error by plaintiff to the Circuit Court of Winnebago county; the Hon. Earl D. Reynolds, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed May 29, 1926.

ROY F. HALL, for plaintiff in error.

EARLY & EARLY, for defendant in error.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

Plaintiff in error, Matteo Zalapi, filed his bill in the circuit court of Winnebago county against appellee, Holcomb & Hoke Manufacturing Company, in which he sought to set aside a written contract for the sale of a pop corn machine upon the ground that the contract was obtained by false and fraudulent representations, to cancel a note and chattel mortgage given in payment for the same to secure the return of money paid on said contract, and for an injunction restraining the foreclosure of the chattel mortgage. Appellee answered the bill and alleged that if its agent, who was charged with making the representations, did make them, he had no authority to do so, and they did not bind defendant in error. Attached to the answer was a copy of the order for the machine in which it was stipulated that the title and right of possession should remain in defendant in error until the machine was fully paid for, and that upon failure to make any payment, defendant in error was entitled to take possession, and retain any payments made to cover usage, wear, tear, and expenses. Defendant in error also filed a cross-bill praying that the chattel mortgage be foreclosed. Plaintiff in error failed to answer the cross-bill; although a rule was entered against him to do so, he was defaulted, and the cross-bill was taken as confessed. Upon a hearing, the original bill was dismissed for want of equity, and a decree was entered upon the cross-bill.

The decree found there was a balance due of $500, to which was added 15 per cent attorney's fees; that the representations made by the agent who sold the machine were not knowingly made with intent to de-

ceive; that they were not material, but constituted mere puffing in expectation of what the machine would do if properly run; that they were not relied upon and plaintiff in error did not purchase on the faith of these representations; that he was not justified in holding the machine as security for the performance of these representations; that the agent was not authorized to make such representations so as to bind the defendant in error except those appearing contained in the order which was in writing, and that the representations alleged in the bill did not appear in the order.

An agent of defendant in error called at the place of business of plaintiff in error in the city of Rockford, for the purpose of selling him a pop corn machine. The evidence on behalf of plaintiff in error is that the agent said that plaintiff in error's location was a good one, a wonderful one, and if plaintiff in error put in a pop corn machine it would do some good for his business; that the agent would guarantee it would improve the business at least 50 per cent; that he was absolutely sure the business would pay for the machine out of the proceeds; that if it did not he would take the machine back and return the money, or sell it at small loss; that the agent would do all he could for plaintiff in error when he started the machine, would show him how to start it, how to sell pop corn, and would teach him the business until he knew it; that the agent figured out the expense and profit and stated the price at which certain sized bags of pop corn could be sold; that after the machine had been in for some time plaintiff in error made complaint to the agent that he was not making any money and that he could not operate the machine at a profit and asked the agent to take the machine back or sell it to someone else; that plaintiff in error wrote to defendant in error and that the defendant in error sent another

agent to interview plaintiff in error, and this agent promised to either take the machine back or to sell it.

It is insisted by plaintiff in error that these representations made by the agent were material, were relied upon by plaintiff in error, were afterwards ratified by defendant in error, and for this reason plaintiff in error is entitled to the relief prayed.

It is a well known rule of law that false representations which are sufficient to justify the rescission of a contract must be as to material facts. Mere matters of opinion, between parties dealing upon equal terms, though falsely made, are not sufficient. Exaggerations and commendations of articles offered for sale will not avoid a contract. It has been held that such conduct may be reprehensible, but the law does not hold parties responsible for the truth or falsity of expressions of opinion, or as to values where no special confidence as to the merits of an article offered for sale is reposed, and mere puffings and exaggerations are not sufficient to avoid a contract. *Fuchs & Lang Mfg. Co. v. R. J. Kittredge & Co.,* 242 Ill. 88. We are of the opinion that all of the representations proven by plaintiff in error come within this rule and they were not sufficient to justify a rescission of the contract upon that ground.

After plaintiff in error had decided to buy the machine a written order was prepared and signed by the parties, and a note and mortgage were executed. The contract consisted of the order, the specifications, the note and the mortgage. All of these instruments must be read together and construed as one contract. *Lotus Grain & Coal Co. v. Zimmer,* 217 Ill. App. 591; *Gould v. Magnolia Metal Co.,* 207 Ill. 172. All previous negotiations and conversations between the parties were merged in the written contract and the parties are bound by the written contract whatever it provides. *Radzinski v. Ahlswede,* 185 Ill. App. 513; *Best Tailoring Co. v. Clancey,* 185 Ill. App. 408; *Ford Motor Co.*

*v. Osburn,* 140 Ill. App. 633. The contract provided that no agreement, representation or claim of any kind shall be binding, or of any force, unless contained in the contract. This provision was binding upon plaintiff in error, and for that reason plaintiff in error should not have been permitted to prove the representations made by the agent prior to the sale.

It is next insisted that the chattel mortgage did not specify the date of the note; that there was no way to determine from the chattel mortgage when the payments became due, when they would cease, or whether the lien would extend for more than three years in violation of the statute; that unless the mortgage was reformed it could not be foreclosed, and as there was no prayer to reform it, the court was not justified in entering the decree of foreclosure. The mortgage provided that it was given to secure "the sum of $663.50, as evidenced by a certain promissory note dated ——————— for $663.50, payable in 38 installments, 37 of said installments being in the sum of $17.50 each, and one for $15.00, and due every two weeks with interest at the rate of 6 per cent per annum from the date of the mortgage." We do not think there could be any difficulty in determining when the payments became due, nor when they were to cease. They began on the day the contract was executed and continued at the rate of $17.50 every two weeks until the entire amount was paid.

It is contended that the defendant in error sought to take advantage of the acts of his agent who sold the machine; that the rule is that where one of the parties seeks to enforce the instrument, and the other party seeks to set it aside, then all that was said and done in the making of the instrument may be used to avoid it; that defendant in error ratified the act of its agent and is therefore bound by those acts. What we have already said with reference to the negotiations prior to the making of this contract, the written

instruments executed thereafter, and the law with reference to exaggerations and puffings is a sufficient answer to this contention and it does not need to be considered at any greater length.

The note provided for 15 per cent attorney's fee if litigation became necessary. It is contended by plaintiff in error that the note did not provide that the attorney's fee should be a part of the decree of foreclosure, nor be a part of the costs of suit, but merely that in case litigation was necessary that an attorney's fee should be allowed; that litigation would not be necessary until it was commenced, therefore the amount provided for attorney's fees could not be due until after the litigation was commenced. There is no merit in this contention. Plaintiff in error made default under his contract in the payments for this machine and refused to surrender the machine as provided in the contract, although the title remained in defendant in error. He began litigation by filing the bill in this case in which he sought to set aside the contract upon the grounds of fraud, and to cancel the note and mortgage. To the bill defendant in error filed an answer and a cross-bill, the original bill was dismissed, and relief was granted under the cross-bill. The litigation was started by plaintiff in error. It was necessary in order to protect its rights that appellee should answer the bill and file a cross-bill, therefore litigation was necessary, and the court properly allowed the 15 per cent as provided in the note.

We find no reversible error and the decree of the circuit court will be affirmed.

*Decree affirmed.*