Charles H. Miller, Appellant, v. H. W. Nydick, Trading as H. W. Nydick & Company, and Union Bank of Chicago, Appellees.

Gen. No. 33,519.

Opinion filed October 14, 1929. Rehearing denied October 28, 1929.

Maximilian J. St. George, for appellant.

Krinsky, Levitan & Glassner, for appellees.

Mr. Justice Matchett delivered the opinion of the court.

This is an appeal by the complainant from an order which sustained a demurrer to his bill and dismissed the same for want of equity.

The bill prayed that a certain agreement for the purchase of lots should be cancelled; that defendants should be enjoined from suing thereon, and for the return of complainant's property, which was turned over to defendants under the terms of said agreement. The theory of the bill was, and the facts alleged therein tended to show, that this written contract was obtained by fraudulent representations. The demurrer was general.

The court stated his reasons for sustaining the demurrer as follows:

"I am of the opinion that inasmuch as the complainant signed "Complainant's Exhibit A," which contained the statement that he read and understood the contract, that no representations or promises were made not expressed in the contract to induce him to sign it, that he is out of court and cannot now ask to have his contract rescinded and set aside for the representations alleged in the Bill of Complaint; that he cannot in one instance say that no representations were made to him and in the next say that they were. He is either not telling the truth in one or the other. I will, therefore, sustain the demurrer and dismiss the bill and allow the complainant an appeal to the Appellate Court."

. The real question 'for decision on this appeal is whether the bill stated such case as would properly call for the interposition of a court of equity. The reasons given by the chancellor would be immaterial, provided he reached the correct conclusion. The briefs for defendants, however, seem to be based upon the theory stated by the trial judge, and defendants rely upon *Day v. Fort Scott Inv. Co.,* 153 Ill. 293; *Zalapi v. Holcomb & Hoke Mfg. Co.,* 241 Ill. App. 102, and the quite recent case of *Parker v. Croissant,* 250 Ill. App. 626, by the Third Division of this court, in an opinion not yet reported. In the latter case the complainant sued in equity to obtain a rescission and cancellation of a real estate contract for the purchase of certain lots for the alleged reason that complainant was induced to enter into the contract by fraud; but the alleged fraudulent representations all referred to facts which were future and therefore amounted only to a statement of opinion. Moreover, in that case the defendants answered the bill denying the alleged representations, and the court in its opinion expressly states

that there is no evidence that any false or fraudulent representations were made to the complainant to induce her to sign the contract without informing her of its contents and provisions, or that any attempt was made to induce her to sign the contract without reading. What is said, therefore, about the express provisions of the contract is *obiter dictum* and unnecessary to a decision of the case. Here, the matter was heard upon the demurrer which admits all the allegations of the bill that are well pleaded to be true.

The bill avers that the agent of defendants represented to complainant that the properties purchased were on a full section line; that sewer, water, light and gas were in and paid for; that a building contractor had contracted to build 100 bungalows on the property then being sold, of which this property was part; that necessary arrangements had been made to incorporate the Village of Dalton, in which these lots were situated, into the City of Chicago. It is also averred that certain other lots which complainant had contracted to buy and which were to be given in exchange are not on a full section line and that the same are worthless; that while lots 13, 14 and 15 were represented to be well worth $11,250 and more, they were in fact not worth more than $2,100.

While it is true that ordinarily a statement as to valuation of property about to be sold is regarded only as an expression of opinion, the difference between the represented value and the actual value may be so gross as to make out a case of fraud. *Schwarz v. Reznick,* 257 Ill. 479; *Heinrich v. Norton,* 219 Ill. App. 86.

The bill alleges that all these representations as made were false and known by defendants to be so; that complainant relied upon the same; that by reason of such representations complainant entered into the contract; that complainant was ignorant of real estate values in the places where the property was located;

that upon being informed of the true facts complainant demanded that the agreement be cancelled and the money paid by him returned, but that defendants refused to accede to these requests.

To hold that one who by fraudulent representations procures the signature of another to a contract will be immune from a suit to rescind the same because the contract which itself was obtained by fraud states that no fraudulent representations were made, would paralyze the arm of a court of equity. Such is not the law. Fraud vitiates everything it touches, and a complainant is not precluded by reason of the fact that a defendant who defrauded him succeeded, as a part of the fraud, in getting a written statement that there was no fraud. This might show the skill of the operator and the gullibility of his victim, but a court of justice is not thereby estopped.

The court erred in sustaining the demurrer and in dismissing the bill, and for that reason the decree will be reversed and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

McSURELY, P. J., and O'CONNOR, J., concur.