**Union Bank of Chicago, Administrator of the Estate of Dora Wein, Deceased, Appellee, v. Metropolitan Life Insurance Company, Appellant.**

**Gen. No. 35,520.**

Opinion filed May 4, 1932.

HOYNE, O'CONNOR & RUBINKAM, for appellant.

LIVINGSTON & KAUFMAN, for appellee; WILLIAM MC-KINLEY and PAUL E. PRICE, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

Plaintiff brought its action as administrator of the estate of Dora Wein to recover on a life insurance policy issued on the life of deceased. The policy was for $450 and contained a clause that in the event of the death through external violence and accidental means, the company would pay double the amount, namely $900. The statement of claim charged that the policy in question was issued and executed on the 17th day of June, A. D. 1929, and unconditionally delivered on June 24, 1929; charges further that the initial premium of 90¢ was paid and accepted by the defendant; that Dora Wein, the insured, died on June 22, 1929, and that proof of loss was made and the policy delivered to the defendant upon demand; that the said Dora Wein died as a result of bodily injuries caused solely through external, violent and accidental means, and that her death occurred within 90 days from the date of receiving such bodily injuries.

The affidavit of merits filed on behalf of the defendant sets forth that the defendant has a good defense upon the merits to the whole of plaintiff's demand;

denies that it is indebted in any sum whatsoever; that the policy provided that it was not to take effect if the insured was not alive on the date of issuance and delivery of the said policy and charges that the deceased was not in fact alive at the time the policy was issued and delivered.

Upon the cause being called for trial the defendant tendered 90¢ which was deposited with the clerk of the court and which was the amount of the paid up premium.

Testimony was introduced on both sides and at the end of all the evidence the court directed a verdict in favor of the plaintiff for the sum of $900, together with costs, and judgment was entered upon this verdict.

The action was one of the fourth class and the facts relied upon entitling the plaintiff to recover or the defendant to defend need not be alleged with the certainty required under the common law practice. *Enberg v. City of Chicago*, 271 Ill. 404. In cases of this class in the municipal court the facts are controlling.

The policy of insurance upon which this case is predicated contains two provisions bearing on the particular issues involved. The first provision reads as follows:

"The Company assumes no obligation prior to the date hereof. . . .

"If, (1) the Insured is not alive or is not in sound health on the date hereof; . . . ."

The second provision provides substantially that:

"If the death of the insured shall be the result of bodily injuries, solely through external, violent and accidental means, resulting directly and independently of all other causes, in the death of the Insured, the company will pay double the amount named in the policy."

Dora Wein died June 22, 1929. The policy introduced in evidence by the plaintiff bears the date of June 24, 1929.

Ida Miller, a daughter of the deceased, testified that she received the policy June 17, 1929; Meyer Katznelson, an agent of the defendant company, testified that it came into his hands from the New York office by mail June 21, 1929. From this it is argued that the policy could not possibly have been delivered before June 22. On June 19 of the same year, according to the testimony of her daughter Ida Miller, Dora Wein, deceased, was in the Mount Sinai Hospital in an unconscious condition, as a result of shock, from which she subsequently died on June 22, 1929.

The condition set out in the policy, to the effect that the insured must be alive and in sound health on the date appearing in the policy, was a valid and subsisting condition and constituted a good defense to an action predicated thereon if the facts warranted. *Souza v. Metropolitan Life Ins. Co.*, 270 Mass. 189; *Fraser v. Metropolitan Life Ins. Co.* (Wash.), 5 Pac. (2d) 978. This question should have been submitted to a jury and in view of the fact that the testimony is conflicting as to when the policy was delivered, it was error for the trial court to have directed a verdict so long as this question was in the case. The date of the policy was not in itself conclusive but was susceptible of extraneous proof for the purpose of showing the actual date of delivery. The policy also contains the provision, already referred to, viz.: that if death resulted from bodily injuries, the company would pay double the amount stated in the policy.

Evidence was introduced on behalf of the plaintiff for the purpose of showing that the deceased came to her death through external, violent and accidental means. From this evidence it appears that on the 19th of June, 1929, she was in the living quarters of her family, which were at the back of a store, run and operated by her husband, and located at 3103 West Polk street, Chicago. Ida Miller was with her at the time. It appears that the husband of the deceased was

in the store and they heard him shout, "Thief, Thief."
As a matter of fact there was a theft at the time in
question, although the deceased was not in the store
proper during the occurrence. The witness, Ida Miller,
testified that the deceased started to tremble and went
into convulsions; that she was taken to the hospital
where she remained until her death.

The proof of death furnished to the defendant stated
that the cause of the death of the deceased was cerebral
hemorrhage. We are not required at this time to pass
upon the question as a matter of law as to whether or
not the provision of the policy necessitated actual
physical violence, or whether it was sufficient to cover
a case of shock similar to that testified to in this pro-
ceeding. The burden of proof, however, was upon the
plaintiff to establish facts which would be sufficient to
entitle it to recover double the amount stated in the
policy. This question should have been submitted to
the jury.

If there is evidence tending to support the conten-
tion of the defendant with reference to controverted
questions of fact, or if the burden is upon the plaintiff
to prove certain material issues, the trial court should
not direct a verdict even though it may be of the opin-
ion that it should be set aside if returned. *Bechtel v.
Marshall,* 283 Ill. 486; *Bailey v. Robison,* 233 Ill. 614;
*Libby, McNeill & Libby v. Cook,* 222 Ill. 206; *Garrity
v. Catholic Order of Foresters,* 243 Ill. 411.

In our opinion the case should have been submitted
to the jury upon both of the issues discussed in this
opinion. It was error for the trial court to have di-
rected a verdict in favor of the plaintiff.

For the reasons stated in this opinion the judgment
of the municipal court is reversed and the cause is re-
manded for a new trial.

*Judgment reversed and cause remanded.*

HEBEL, P. J., and FRIEND, J., concur.